**Woodrow RANSONNETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49808.**

Court of Criminal Appeals of Texas.

April 30, 1975.

Rehearing Denied May 28, 1975.

Dennis L. White, Edith L. James, Dallas, of counsel, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Douglas D. Julder and Jim Burnham, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is kidnapping for extortion under Article 1177a, Vernon's Ann.P.C.; [1] the punishment, 5005 years.

Appellant and his brother were indicted and jointly tried for the kidnapping. This appeal relates only to appellant's conviction.

Appellant's first ground of error is the failure of the trial court to grant his motions for severance. His first motion alleged that appellant had no prior conviction, while his brother had several. The second motion alleged that appellant had one prior conviction that resulted in a probated sentence, "which had been lived out."

Article 42.12, Sec. 7, Vernon's Ann.C.C.P. provides that upon satisfactory completion of the probation period a court may set aside the verdict, dismiss the charges and release the probationer from all disabilities relating to conviction.

---

1. The offense occurred in December 1972. The trial took place in April 1973.

However, no evidence was offered in support of the motions at the time they were presented.[2] Absent a showing that the prior conviction had been set aside or that it was otherwise inadmissible, appellant was not entitled to a severance as a matter of right pursuant to Article 36.09, V.A.C.C.P., and no error was committed by the trial court. Nelson v. State, Tex.Cr.App., 503 S.W.2d 543; Robinson v. State, Tex.Cr.App., 449 S.W.2d 239; Thornton v. State, Tex.Cr.App., 451 S.W.2d 898.

■ Further, since neither appellant nor his co-defendant testified before the jury at the guilt phase or the punishment phase and no mention is made at the trial on the merits of the prior record of either co-defendant, no apparent harm to appellant resulted from the joint trial. Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807.

By ground of error two appellant contends that the court erred in declining his motion for change of venue.[3] In support of this motion, appellant called two criminal defense attorneys, a news coordinator for a TV station, a staff writer for a local newspaper, a former assistant district attorney, an employee of a local TV news department, a director of photography of a local TV news program, and a reporter for a local newspaper. These witnesses expressed the opinion that appellant could not obtain a fair trial in Dallas County because of the incident publicity. In addition, he introduced nine written exhibits. The first is a front page account of the fact that a $250,000 ransom was paid and that a kidnapped socialite had been freed. The second exhibit told of the arrest of appellant and his brother, and gave a brief description of them, but painted them in as favorable a light as possible under the circumstances. It quoted a neighbor as saying that one of the brothers "took care of his children and played with them" and "in my opinion, he was a pretty good guy". The third was a front page story from another local newspaper with a banner reading "Dallas Socialite Freed Unharmed. Two Suspects in Kidnapping Jailed". Appellant was identified in the following language: "The Ransonette brothers were arrested at 10 a. m. Friday. The brothers offered no resistance as they were arrested, and then arraigned at the scene by Justice of the Peace Robert Cole." This was accompanied by one column pictures of the appellant appearing at the bottom of the page. The fourth was a news story showing appellant conferring with his attorneys and stating that he was remanded to jail in lieu of $100,000 bond, and gave some details of the payoff. The fifth was a short news article comparing the present case with another of the same nature. The sixth was a front page news story concerning the other case wherein the appellant was not mentioned. The seventh was a news story concerning the motions to change venue in a case against a former policeman and this appellant. There was no connection between the cases. The eighth was a short inside story relating to the motion to reduce the appellant's bond. The ninth was an inside story dated approximately a month in advance of the trial relating to the bond hearing which contained this paragraph:

"Attorney White repeatedly established Monday that the brothers cooperated with officers, did not resist arrest and showed no violence of injurious nature in attempt to have their bond lowered."

2. The transcript contains four documents relating to appellant's prior conviction, one of which was the order discharging the appellant from probation, but the record does not reflect that these documents were introduced into evidence or called to the trial court's attention at the time he ruled upon the motions for severance. They were introduced into evidence for the first time at the hearing on punishment.

3. Appellant relies upon Rubenstein v. State, Tex.Cr.App., 407 S.W.2d 793. The writer has more than a passing acquaintance with that case.

The newspaper publicity in *Ruby* was far greater than any that had ever been presented to this Court. The case at bar presents a mere drop in the bucket by comparison.

**512**

The State in rebuttal called a news reporter, an attorney for an insurance company, a bailiff for the central jury room, an employee of Kelly Services, a Doctor of Veterinary Medicine, an assistant city editor of a local newspaper, a business representative of a division of the Teamsters Union and a real estate developer, all of whom expressed the opinion that the appellant could receive a fair trial in Dallas County and that the pre-trial publicity had not prejudiced such a trial. It also introduced eight separate affidavits from Dallas County citizens stating that in their opinion appellant's chance of achieving a fair trial had not been impaired by the publicity which had been incident to the event. The State further points out that out of the 47 prospective jurors only one was excused by agreement of both the State and appellant because she stated she was not sure she could set aside what she heard of the case.

It will thus be seen that the trial judge was presented with a fairly evenly divided choice, and we hold that he did not abuse his discretion in declining to change venue. See Garcia v. State, Tex.Cr.App., 513 S.W.2d 82; Phillips v. State, Tex.Cr. App., 511 S.W.2d 22; Creel v. State, Tex.Cr.App., 493 S.W.2d 814; Morris v. State, Tex.Cr.App., 488 S.W.2d 768; Norwood v. State, Tex.Cr.App., 486 S.W.2d 776; Bridges v. State, Tex.Cr.App., 471 S.W.2d 827.

Appellant's last ground of error charges that his sentence is excessive. A penalty within the range prescribed by the Legislature, as is the one in the case at bar, will not be disturbed. Jones v. State, Tex.Cr.App., 504 S.W.2d 906. In Angle v. State, Tex.Cr.App., 501 S.W.2d 99, we called attention to the concern this Court has felt over the use of the open end statutes to impose inordinate punishments. See also Sills v. State, Tex.Cr.App., 472 S.W.2d 119. We further noted that the New Penal Code (1974) eliminated this situation.

Finding no reversible error, the judgment is affirmed.