**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ralph Gutierrez GARZA, Jr., Defendant-Appellant.**

**No. 76–4439.**

United States Court of Appeals, Fifth Circuit.

Nov. 28, 1977.

Roland E. Dahlin, II, Federal Public Defender, Karen K. Friedman, Asst. Public Defender, Houston, Tex., for defendant-appellant.

James R. Gough, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and WYZANSKI, District Judge.*

PER CURIAM:

In this appeal, appellant seeks to have a conviction overturned on the ground that he was denied effective assistance of counsel. We conclude that defendant has failed to sustain his burden of proof on this issue, and that the conviction must be affirmed.

Charged with conspiracy to distribute heroin and possession of heroin with intent to sell, appellant was tried jointly with three others. At trial, appellant argued that he was not involved in the transaction from which the charges arose; a codefendant, Ramirez, raised the defense of entrapment. Both appellant and Ramirez testified at trial. Ramirez' testimony implicated appellant in the heroin transaction; however, the most damaging testimony given by Ramirez was elicited on cross-examination by the prosecutor, and did not appear to be essential to his entrapment defense. When appellant testified, he was cross-examined by Ramirez' counsel, and, according to appellant, the questioning was done "more vigorously than [by] the prosecutor." Because of the antagonistic defenses and the prejudicial cross-examination by Ramirez' counsel, defendant contends that severance was required, and that the failure of appellant's trial counsel to seek a severance denied appellant the right to effective assistance of counsel.

* Senior Judge for the District of Massachusetts, sitting by designation.

The record does not support appellant's contentions. Rule 14, Fed.R.Crim.P. allows severance:

> [i]f it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together . . . .

The rule has been interpreted to require that prejudice to the defendant be balanced against the interests of judicial economy to determine whether severance ought to be granted. The degree to which prejudice may be lessened by other remedial court action should also be considered. *See United States v. McLaurin*, 557 F.2d 1064 (5th Cir. 1977). In the present case, it does not appear that the proceedings were so prejudicial that severance was required as a matter of law. The inconsistency between the entrapment defense and the non-participation defense, did not, in this case, necessitate severance. *See United States v. Morrow*, 537 F.2d 120, 138 (5th Cir. 1976). Nor does the record indicate that Ramirez' testimony and the cross-examination by Ramirez' attorney were so prejudicial as to require severance.

To establish ineffective assistance of retained counsel, appellant is required to show that "the incompetency of a retained attorney's representation is so apparent that a reasonably attentive official of the state should have been aware of and could have corrected it . . . ." *Fitzgerald v. Estelle*, 505 F.2d 1334, 1337 (5th Cir. 1975). When, as in this case, severance is not required as a matter of law, the failure to seek such relief can amount to nothing more than a mistaken tactical decision and not to such incompetency as should have been noticeable by any state official. Furthermore, on the facts of this case, it is not at all clear whether appellants' sixth amendment rights would have been violated if severance were required. The record depicts trial counsel acutely aware of possible prejudice to his client, taking steps on numerous occasions to prevent such prejudice. Counsel made several motions for cautionary instructions during Ramirez' testimony on direct examination, and vehemently objected to all prejudicial questions asked appellant by Ramirez' counsel. The record reveals an active advocate attempting to protect his client.

The judgment below is

AFFIRMED.