STATE OF NORTH CAROLINA v. DAVID M. ARSENAULT

No. 7915SC965

(Filed 1 April 1980)

1. **Constitutional Law § 48— effective assistance of counsel—failure to cross-examine victim about certain matters**

   A defendant charged with crime against nature was not denied the effective assistance of counsel because of the failure of his counsel to cross-examine the victim about a letter the victim wrote to the court stating that he wished to have the charge against defendant dropped, especially since the victim's

mother had informed the court that the letter was written under duress, the State could have cross-examined the victim about such duress, and counsel's failure to cross-examine as to this matter could well have been a matter of trial strategy. Nor was defendant denied the effective assistance of counsel because his attorney did not cross-examine the victim about his failure to appear in court on an earlier occasion since the witness's answers might have been detrimental to defendant, and the failure to so cross-examine the victim could also have been a matter of trial strategy.

2. **Constitutional Law § 48— effective assistance of counsel—failure to move for nonsuit**

Defendant was not denied the effective assistance of counsel by the failure of his counsel to move for nonsuit in a crime against nature case at the close of the State's evidence and at the close of all the evidence where the State's evidence was clearly sufficient to take the case to the jury and to support defendant's conviction.

3. **Constitutional Law § 48; Criminal Law § 92.5— effective assistance of counsel—failure to move for severance**

Failure of defendant's counsel to move for a severance of his trial from that of a codefendant amounts to nothing more than a mistaken tactical decision and does not constitute such incompetency as to deny defendant the effective assistance of counsel.

4. **Constitutional Law § 48— constitutional right to undivided loyalty of counsel**

A defendant has a constitutional right to the undivided loyalty of his counsel, and where two members of the same law firm serve as counsel for codefendants with conflicting interests, a division of loyalties occurs.

5. **Constitutional Law § 48— effective assistance of counsel—codefendants represented by law partners—joint trial—conflict of interest**

The existence of an actual conflict of interest between two codefendants who are tried in a joint trial and represented by two members of the same law firm or by single counsel constitutes a denial of effective assistance of counsel when actual prejudice is shown.

6. **Constitutional Law § 48— divided loyalty of counsel—advice to codefendant represented by law partner—necessity for evidentiary hearing**

The cause of a defendant charged with crime against nature is remanded for an evidentiary hearing to determine the question of divided loyalties of his trial counsel where the record indicates that defendant's trial counsel may have advised a codefendant who was represented by his law partner not to enter a plea of guilty and not to give testimony exculpating defendant.

ON writ of certiorari to review proceedings before *Bailey, Judge.* Judgment entered 14 March 1978 in Superior Court, Alamance County. Heard in the Court of Appeals 5 March 1980.

Defendant was charged in a bill of indictment, proper in form, with the offense of crime against nature, was convicted by a jury, and was sentenced to an active term of imprisonment of ten years. Defendant gave notice of appeal, but his appeal was not timely perfected.

*Attorney General Edmisten, by Assistant Attorney General Jean Winborne Boyles, for the State.*

*John P. Paisley, Jr., for defendant appellant.*

ERWIN, Judge.

Defendant contends that he was denied his Sixth Amendment right to the effective assistance of counsel at his trial.

In *State v. Sneed*, 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974), Justice Branch (now Chief Justice), speaking for our Supreme Court on this subject, stated:

> "Neither the United States Supreme Court, nor this Court, has fashioned a rule to guide us in determining whether an accused was denied his Constitutional right to effective assistance of counsel due to counsel's negligence, incomptency [sic], conflicting loyalties or other similar reasons. However, there are numerous decisions from other jurisdictions and other federal courts which bear upon decision of the question here presented. A review of these decisions indicates the general rule to be that the incompetency (or one of its many synonyms) of counsel for the defendant in a criminal prosecution is not a Constitutional denial of his right to effective counsel unless the attorney's representation is so lacking that the trial has become a farce and a mockery of justice." (Citations omitted.)

In *State v. Richards*, 294 N.C. 474, 242 S.E. 2d 844 (1978), this subject was again before our Supreme Court. Justice Exum stated: "[I]t is necessary to examine counsel's specific acts or omissions which the defendant alleges constitute a denial of effective assistance. The reviewing court must approach such questions ad hoc and in each case view the circumstances as a whole. *State v. Sneed, supra*, 284 N.C. 606, 201 S.E. 2d 867 (1974)." *Id.* at 498, 242 S.E. 2d at 859.

With the above rules in mind, we shall review the record to examine the "specific acts or omissions" which defendant contends denied him effective assistance of counsel.

Prior to trial, prosecuting witness, Robert Smith, wrote the following letter to Judge Allen:

> "I 'am [sic] writting [sic] in regard to the charge pending against David Arsenault for Crime against Nature. I have had some time to think it out and realize I have made a mistake. I wish to have the charge dropped against David Arsenault. I 'am [sic] very sorry for any inconveince [sic] I have caused you.

> > Sincerely

> > s / ROBERT L. SMITH"

At the bottom of the letter, Judge Allen made a note which reads:

> "*Note*

> I rec'd this on 1/4/78—on 1/2/78 Mrs. Smith—mother of Robert Smith called & stated this letter was sent under duress & asked that I disregard the letter.

> > s / J. B. ALLEN, JR.
> > 1/4/78

> > DEFENDANT'S EXCEPTION No. 1"

[1] Defendant's attorney did not cross-examine witness Smith with reference to the letter or the note. Defendant's attorney on appeal states that the failure of trial counsel to go into this matter amounts to a denial of effective assistance of counsel. Defendant's trial counsel was selected and employed by him. The letter does not deny that the offense was committed. (Defendant does not state or suggest what the answers to questions on this issue would be.) If defendant had raised the issue, the State could have questioned the witness with reference to the duress mentioned in the note. Failure to cross-examine as to this matter could very well have been a matter of trial strategy.

Defendant contends that the trial counsel failed to cross-examine the prosecuting witness with regard to his failure to ap-

pear in court on 7 March 1978. Counsel on appeal states: "His failure to appear, coupled with his exonerating letter, would surely have impeached his credibility in the eyes of the jury. However, the jury did not learn of either item, owing to the Defendant's counsel [sic] failure to cross-examine the prosecuting witness about them." Counsel assumes the answers given to any such questions on cross-examination would be favorable to defendant. This was not necessarily the case. The prosecuting witness could very well have testified that defendant or his agents had threatened harm to him if he appeared. Whatever the case might have been, failure to elicit such information was within the trial discretion of defendant's counsel. Counsel's use of his judgment does not deny a defendant of his Sixth Amendment right unless defendant is able to show that such use was clearly prejudicial to him. To us, defendant is questioning the "trial tactics" of his trial counsel in "hindsight" without showing any necessary prejudice.

[2] Defendant contends that motions for dismissal or nonsuit should have been made at the close of the State's case and at the close of all of the evidence, which trial counsel did not do, thereby, suggesting his ineffectiveness. Witness Smith testified:

> "When Arsenault came in, he said, 'Pull your britches down and bend over now, damn it,' and so I did it.
>
> After I dropped my trousers, he penetrated me. His private parts were erected, and my anus was penetrated. This conduct on my part was not of my own free will and choice."

This evidence, taken in the light most favorable to the State and giving to it every reasonable inference to be drawn therefrom, was clearly sufficient to take the case to the jury and support a conviction thereon. *State v. Hensley*, 294 N.C. 231, 240 S.E. 2d 332 (1978). We find no error, and if the motions had been made, the court would have rightfully denied them. Trial counsels are not required to make useless motions which are without merit, as suggested here.

Defendant, in his brief, suggests that his trial counsel placed himself in a position of divided loyalties citing as proof his failure to move that the trials be severed and his failure to call codefendant Beckley as a witness.

G.S. 15A-927 provides for severance of offenses. Our courts have held that whether defendants should be tried jointly or separately is in the sound discretion of the trial court, and in the absence of a showing that a joint trial has deprived the movant of a fair trial, the exercise of the court's discretion will not be disturbed on appeal. *State v. Slade,* 291 N.C. 275, 229 S.E. 2d 921 (1976).

[3] Failure of defendant's counsel to move for severance amounts to nothing more than a mistaken tactical decision and does not constitute such incompetency as to deny defendant effective assistance of counsel. *United States v. Garza,* 563 F. 2d 1164 (5th Cir. 1977), *cert. denied,* 434 U.S. 1077, 55 L.Ed. 2d 783, 98 S.Ct. 1268 (1978).

As his last assignment of error, defendant contends that he was denied the effective assistance of counsel because of his trial counsel's divided loyalties. To support his contention, defendant alleges facts which tend to show that the law partner of defendant's counsel represented codefendant Grover Beckley in their joint trial. As part of the record proper, defendant included Beckley's affidavit which in the pertinent part alleged:

> "I would like it to be known that I was the only one who assaulted Robert Lee Smith, and when I was in the Alamance County Jail on or about the 6th day of March, I made the statement to Attorney J. D. Pickering that I wanted to pleaed [sic] guilty to the charge of crime against nature. But Mr. Pickering advised me not to make that plea. I wanted to bring the truth out then and testify on the innocents [sic] of David Arsenault at that time."

Though the affidavit is properly included as a part of the record, the fact that the law partner of defendant's trial counsel represented Beckley is not so included. Matters discussed in the brief outside the record ordinarily will not be considered, since the record certified to the court imports verity, and we are bound by it. *State v. Hedrick,* 289 N.C. 232, 221 S.E. 2d 350 (1976). However, we believe that the rule is not binding on us in this instance, since the State admits in its brief that the law partner of defendant's trial counsel did, in fact, represent Beckley. Thus, we feel compelled to consider the divided loyalties question.

The record before us reveals that defendant's trial counsel advised a codefendant not to enter his plea of guilty and not to testify as to exculpatory information beneficial to defendant. At the time this advice was given, trial counsel's law partner was the codefendant's counsel. While this advice was undoubtedly in the best interest of the codefendant, it was not in the defendant's best interest and clearly indicates an actual *conflict of interest* on the part of defendant's attorney, if true.

D.R. 5-105(A) of the N.C. Code of Professional Responsibility provides:

"(A) A lawyer should decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR5-105(C)."

D.R. 5-105(B) of the N.C. Code of Professional Responsibility provides:

"(B) A lawyer shall not continue multiple employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR5-105(C)."

Finally, D.R. 5-105(D) of the N.C. Code of Professional Responsibility provides:

"(D) If a lawyer is required to decline employment or to withdraw from employment under DR5-105, no partner or associate of his or his firm may accept or continue such employment."

[4, 5]   The rules established in D.R. 5-105 of the N.C. Code of Professional Responsibility are equally applicable in criminal matters. In fact, a defendant has a constitutional right to the undivided loyalty of his counsel. *Glasser v. United States*, 315 U.S. 60, 86 L.Ed. 680, 62 S.Ct. 457 (1942); *State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974). Where two members of the same law firm serve as counsel for codefendants with *conflicting* interests, a division of loyalties occurs. *See United States v. Donahue*, 560 F. 2d 1039 (1st Cir. 1977); *People v. Baxtrom*, 61 Ill. App. 3d 546, 378

N.E. 2d 182 (1978). For constitutional purposes, it is as though only one counsel was involved. *See Abraham v. United States,* 549 F. 2d 236 (2nd Cir. 1977). As stated in *Holloway v. Arkansas,* 435 U.S. 475, 490, 55 L.Ed. 2d 426, 438, 98 S.Ct. 1173, 1181 (1978): "Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing."

> "Except for preliminary matters such as initial hearings or applications for bail, a lawyer or lawyers who are associated in practice should not undertake to defend more than one defendant in the same criminal case if the duty to one of the defendants may conflict with the duty to another. The potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the several defendants given an informed consent to such multiple representation."

ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function, § 3.5 (1971). Although joint representation is not totally prohibited, it is a matter which should be carefully considered. The existence of an actual conflict of interest between two codefendants, tried in a joint trial and represented by two members of the same law firm or by single counsel, constitutes a denial of effective assistance of counsel when, as here, actual prejudice may be shown. Furthermore, the instant case points out the need for the trial judge to inquire prior to trial about possible conflict of interests arising from joint representation of codefendants by members of the same law firm or by single joint counsel.

[6] It appears that defendant has raised a substantial question of violation of his constitutional right which cannot be determined from the record, and evidentiary hearing pursuant to G.S. 15A-1420(c) is necessary to determine the question. The case is remanded to the Superior Court of Alamance County for an evidentiary hearing, findings of fact, and determination of the question of divided loyalties of his trial counsel. If the Superior Court should find that defendant's constitutional right has been

violated and defendant has been prejudiced thereby, the Superior Court will award defendant a new trial.

This case is

Remanded.

Judges MARTIN (Robert M.) and CLARK concur.