**Steven E. ROBERTSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–81–268–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 1982.

John J. Browne, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of aggravated robbery. The questions presented are whether the trial court committed error in refusing to grant a severance and whether appellant received effective assistance of counsel. Finding no reversible error, we affirm the conviction.

Steven Edward Robertson (Robertson or appellant), Charles Cubello (Cubello) and Cubello's father, Anthony Goldner (Goldner) came to the residence of Mrs. Gaon (Gaon) on January 6, 1981. Gaon was Goldner's former mother-in-law. Robertson and Cubello, dressed as delivery men, carried a large plant to the door and rang the bell. Gaon unlocked the gate and told the men to place the plant inside. They requested a pencil, and, as she turned to go and get one, Robertson and Cubello knocked her to the floor and began beating and kicking her. At this point Goldner entered the townhome. Gaon had a remote control button for her security system in her hand. She managed to set off the silent alarm by stepping on the device after she was knocked down.

Robertson and Cubello threatened Gaon with a pistol, a sawed-off shot gun, and a knife. Her fingernails were twisted back as she was forced to remove her jewelry. She was also cut several times on the face, arms, and neck. When she said she did not know how to open the safe, Goldner said, "She must think we are joking. Scoop her f_____ eye out then." Robertson then cut her above the eye. The trio repeatedly threatened to kill her if she did not open the safe.

The police arrived pursuant to the alarm and rang the door bell. Goldner answered the door and told the policemen the alarm was a mistake. Robertson and Cubello took Gaon to the bathroom where they tied her hands behind her with telephone cord and placed tape over her mouth. Meanwhile, Goldner was being asked for some identification. He said he would need to get it. When he did not return to the door, the policemen entered and found all three men hiding inside. They found Gaon bound and gagged in the bathroom. The three men were arrested.

Robertson was indicted for aggravated robbery and burglary of a habitation with intent to commit theft. Upon entering a plea of "not guilty" he was tried before a jury. The trial resulted in a conviction of aggravated robbery consistent with the charge under Tex.Penal Code Ann. § 29.03 (Vernon 1974). Robertson was sentenced to 99 years confinement in the Texas Department of Corrections. Goldner was tried and convicted in the same trial, while Cubello pled guilty.

Appellant brings two grounds of error. First, he complains of ineffective assistance of counsel, and, secondly, he complains of the trial court's action in denying his request for a severance.

■ We will initially address the second ground of error due to its relationship with appellant's contention of ineffective assistance of counsel alleged in his first ground of error. In his brief appellant concedes that under Tex.Code Crim.Pro.Ann. art. 36.-09 (Vernon 1981), and *Sanne v. State,* 609 S.W.2d 762, 776 (Tex.Cr.App.1980), *cert. denied sub nom., Skillern v. Texas,* 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 432 (1981), there is a requirement that a motion for severance be timely filed and that evidence be introduced in support of it. In the case before us the motion for severance was urged orally after the State presented its case, not prior to trial. *See Jackson v. State,* 439 S.W.2d 843 (Tex.Cr.App.1969). Also, there was no evidence presented. Appellant's counsel only stated that the defendants had adverse defenses. *See Robinson v. State,* 449 S.W.2d 239 (Tex.Cr.App. 1969); *Sanne v. State, supra.* Therefore, the trial court did not err in overruling appellant's motion for severance. Appellant's second ground of error is overruled.

■ Assuming for the sake of argument and for later reference that the motion for severance was timely made and supported by evidence, we are still of the opinion that the denial of the motion would not be error. Tex.Code Crim.Pro.Ann. art. 36.09 (Vernon 1981), provides in pertinent part:

Two or more defendants who are jointly or separately indicted or complained against for the same offense or for any offense growing out of the same transaction may be, in the discretion of the court tried jointly or separately as to one or more defendants; ... [provided] that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

This statute requires severance if a prior criminal record of a codefendant is admissible or if a joint trial would, as a matter of law, prejudice a defendant. Otherwise, the granting of a severance is within the discretion of the trial court. *Joines v. State*, 482 S.W.2d 205 (Tex.Cr.App.1972).

■ While it is apparently true that Goldner had a prior criminal record, a motion in limine was in effect which prevented such evidence from being admitted and coming before the jury. Since the prior record of Goldner could thus never be mentioned during either phrase of the trial, no harm in this respect could result from the joint trial. *Ransonnette v. State*, 522 S.W.2d 509 (Tex.Cr.App.1975).

It is also claimed that the adverse positions of the defendants made a joint trial so prejudicial as to require a severance. Appellant claimed he participated in the crime because of duress. We hold this defense was not inconsistent with any other defense. Goldner apparently had no defense. The fact that the testimony of Cubello did not substantiate appellant's claim does not show a right to severance as a matter of law. Furthermore, it appears that neither the proceedings as a whole nor the cross-examination by codefendant's counsel were so prejudicial as to require severance. *See United States v. Garza*, 563 F.2d 1164 (5th Cir. 1977).

Therefore, the denial of a motion for severance was discretionary with the trial court and, in our opinion, would not have amounted to an abuse of that discretion even if the motion had been presented prior to trial with supporting evidence.

Appellant's first ground of error complains of ineffective assistance of counsel at trial. The law concerning the review of such a claim by an appellate court is not in issue and is well stated in *Mercado v. State*, 615 S.W.2d 225 (Tex.Cr.App.1981). We summarize our considerations as follows:

1. Effectiveness of both appointed and retained counsel are to be judged by the single standard of "reasonable effective assistance of counsel."

2. Such standard does not mean errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render, and rendering reasonable effective assistance. The fact that other counsel would have tried the case differently does not show inadequate representation.

3. Each case must be considered in light of its particular circumstances.

4. The adequacy of representation must be gauged by the totality of the representation.

Appellant points particularly to three aspects of his representation which he claims sufficiently show its ineffectiveness. He first claims the facts of the case were so against him that his counsel should have pled him guilty instead of asserting the defense of duress. He contends that in this manner he could possibly have obtained sympathy from the jury and been assessed less than the maximum sentence. His second contention is that his counsel should not have called Cubello as a witness in asserting the duress defense. Cubello, who had pled guilty, gave testimony which contradicted that of appellant. Appellant claims his trial counsel never spoke with Cubello, and was not aware of a statement he had given police. In his third contention appellant claims his counsel should have timely filed the motion for severance which he would have been entitled to as a matter of right.

We have reviewed the record in its totality and hold that appellant received effective assistance of counsel. With respect to appellant's specific complaints we note that appellant persisted in his claim of duress through the punishment phase of the trial. Appellant may not insist at trial on what he now considers to be a totally spurious argument to set up his counsel for an attack as being ineffective. "To do otherwise would reward those who frustrate the attempts to render them assistance, and discourage the open and honest communication that is necessary if counsel is to have the information necessary to defend." *Ex parte Ewing*, 570 S.W.2d 941 (Tex.Cr.App. 1978). If his counsel had not put forth such defense, it is quite possible that we would still have a claim of ineffective assistance of counsel before us. The difference would be that appellant would be contending his counsel failed to assert a defense which he considered meritorious.

Appellant's allegations concerning his counsel not meeting with Cubello and not being aware of a statement given to police are not supported by the record. The fact that Cubello turned out to be a somewhat disappointing witness for the appellant does not establish his trial counsel's ineffectiveness. Given appellant's claim of duress, calling Cubello was perhaps the only hope. A trial counsel "must decide as his knowledge, experience, and talents best permit, and then move ahead. When he does this, that is all any lawyer can do, and the client has no right to complain of the absence of a miracle." *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965).

We have previously discussed the merits of a motion for severance. We hold that the failure of appellant's trial counsel to request prior to trial the severance which he could not request as a matter of right cannot form the basis of a claim of ineffective assistance of counsel. Such failure can only be considered a tactical decision. *See United States v. Garza, supra.*

Having reviewed the record in its entirety and addressed each specific point raised, we hold appellant's contention of ineffective assistance of counsel is without merit.

Appellant's first ground of error is overruled, and the conviction is affirmed.

Affirmed.