State v. Leggett

STATE OF NORTH CAROLINA v. RICHARD TIMOTHY LEGGETT

No. 822SC825

(Filed 15 March 1983)

1. **Constitutional Law §§ 46, 65— same counsel representing defendant and girlfriend—removal as counsel for girlfriend during defendant's trial**

    In a prosecution for receipt and possession of stolen property, defendant's Sixth Amendment right to confrontation was not denied by the trial court's removal of defendant's trial counsel as counsel for defendant's girlfriend, who had also been indicted for the same crimes, and the court's appointment of another attorney to represent the girlfriend so as to prevent a conflict of interest when defendant's counsel sought to elicit testimony during defendant's trial concerning statements made by the girlfriend to an officer which tended to inculpate her and exculpate defendant.

2. **Receiving Stolen Goods § 5.1— dishonest purpose—sufficiency of evidence**

    The evidence was sufficient to warrant an inference of dishonest purpose and to support defendant's conviction of felonious receiving of stolen guns where the evidence showed that the stolen guns were found at defendant's home, and defendant's own evidence showed that three guns of suspicious origin were being kept in his home on the night in question and defendant did nothing about them, and that after he was informed by the owner that his guns had been stolen, defendant told the owner that he would get them back to the owner if he saw them.

3. **Criminal Law § 139— impropriety of indeterminate sentence**

    The trial court erred in imposing an indeterminate sentence of not less than five nor more than seven years for crimes which occurred after 1 July 1981, since G.S. 15A-1351(b) prohibits the imposition of a minimum term of imprisonment after such date.

APPEAL by defendant from *Lane, Judge*. Judgment entered 30 March 1982 in Superior Court, MARTIN County. Heard in the Court of Appeals 9 February 1983.

Defendant was found guilty of felonious receipt of stolen goods and felonious possession of stolen goods. The stolen goods—three firearms—were valued at $605.00. From a judgment imposing a sentence of five to seven years, and restitution in the amount of $700.00, defendant appeals to this Court.

*Attorney General Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*Brandon & Cannon, by Glen E. Cannon, for defendant appellant.*

BECTON, Judge.

I

The State introduced evidence tending to show that during the evening of 19 September 1981, David Edmondson reported the theft of three of his firearms—a .3006 bore rifle, a 20-gauge pump shotgun, and a .22 automatic rifle. Gregory Rogerson, a mutual friend of Edmondson and defendant, visited defendant's home that same evening. While he was there, defendant showed Rogerson three guns stored in a bathroom closet, later identified as Edmondson's guns. Rogerson contacted Edmondson, told him where his guns were, and the two of them reported the theft to the Sheriff's Department. Armed with a proper search warrant, Martin County Deputy Sheriff Jerry Beach went to defendant's house and found guns, matching the description given by Edmondson, under the porch of defendant's home. Defendant was arrested.

The defendant's evidence tended to show that his girlfriend, Melba Wright, borrowed his car on the evening of 19 September 1981 without saying where she was going. She returned with three guns and put them in the bathroom closet. Defendant attempted to find out where Melba Wright had obtained the guns, but was unsuccessful. Upon learning about the theft of Edmondson's guns, defendant discussed them with Wright but did nothing about the guns at that time. Deputy Sheriff Beach came to his home and arrested him about 2:00 p.m. on 20 September 1981. Defendant neither stole the guns nor placed them under the porch.

II

Defendant makes three arguments on appeal. He contends (1) that the trial court erred when it denied his motion for appropriate relief; (2) that the trial court erred when it denied his motion made at the end of the State's evidence to dismiss the charges against him; and (3) that the sentence imposed, not less than five nor more than seven years, contravened the express provisions of the North Carolina General Statutes.

III

[1] Defendant's first argument, raised by his second assignment of error, concerns the denial of his motion for appropriate relief

(new trial). Both defendant and his girlfriend, Melba Wright, were indicted; both were represented by defendant's trial counsel, Glen Cannon. Defendant complains that the trial court erred when it, *ex mero motu*, removed Cannon as counsel for Wright and appointed another lawyer to represent her and that the mid-trial removal prejudiced defendant's Sixth Amendment right to confrontation. Because the trial court acted to prevent a conflict of interest between the co-defendants, we reject defendant's contentions.

The removal was occasioned by defendant's cross-examination of State's witness, Deputy Jerry Beach, and was ordered during a conference at the bench and out of the hearing of the jury. The following colloquy took place:

Q. Mr. Beach, did you talk to anyone concerning this matter other than Mr. Edmondson, Mr. Rogerson and Mr. Leggett?

A. Yes sir, I have.

Q. With whom had you had conversation?

A. Melba Wright.

Q. Did she give you a statement concerning this incident?

A. Yes sir.

Q. Would you tell the Court what she said?

MR. NORTON: Objection, if Your Honor please.

COURT: Counsel approach the bench.

Before ruling on the State's objection, and while counsel was still at the bench, the court became aware of the fact that defendant's counsel was also counsel for Melba Wright. The court properly sustained the State's objection to the question as an invitation to violate the rule against hearsay. *Wilson v. Indemnity Co.*, 272 N.C. 183, 158 S.E. 2d 1 (1967). It then made this inquiry:

COURT: You represent both defendants, do you not?

MR. CANNON: Yes, Your Honor, that's correct.

COURT: All right. So you represent . . . so you have an obligation to both defendants?

MR. CANNON: Yes, Your Honor.

COURT: Well, they may, but of course, the Court has an obligation to see as to whether or not each person at the time of trial is properly represented so that later on, I mean, later on if somebody comes back and says, "Well, now . . ." they'll say that this happened before, "I told him I didn't want him, and he sold me down the river." It's happened before. It may not happen, you know, and it happens in the best of families, but now as to what conversation took place with Miss Wright at a time apparently which was not in the presence of the defendant, of course, I sustained that, but I am raising . . . I think that it might be wise to have somebody represent the defendant, Wright, if you perceive that your primary responsibility is to defend the defendant Leggett.

MR. CANNON: Well, Your Honor, I'm already in this trial. I feel like that I have a responsibility at this point to defend Mr. Leggett.

Unquestionably, a defendant has a constitutional right to the undivided loyalty of his counsel. *State v. Arsenault*, 46 N.C. App. 7, 264 S.E. 2d 592 (1980), *citing Glasser v. United States*, 315 U.S. 60, 86 L.Ed. 2d 680, 62 S.Ct. 457 (1942) and *State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974). When an attorney serves as counsel for co-defendants with *conflicting* interests, a division of loyalties is inevitable. *Cf., id.* (concerning law partners representing co-defendants with conflicting interests).

In the case *sub judice*, defense counsel admitted to the trial court that he felt a greater responsibility to defendant's cause than to that of Melba Wright. Counsel also agreed with the court that the statement he sought to bring out contained portions that tended to inculpate Melba Wright, and exculpate his other client, the defendant. It is difficult to imagine a clearer case of conflicting interests than this one. The trial court here acted prudently and properly when it removed Mr. Cannon as counsel for Wright. We note further that defendant was in no way prejudiced by the court's actions since he was given the opportunity to consult with Melba Wright's counsel concerning her appearance as a witness and chose not to do so. Defendant's argument is thus unpersuasive.

IV

[2]   Defendant next argues that the trial court erred when it refused to grant his motion, made at the close of the State's evidence, to dismiss the felonious receiving of stolen goods charges against him. The rules governing motions to dismiss are familiar. As we opined in *State v. James*, 60 N.C. App. ---, --- S.E. 2d --- (filed 1 February 1983): "The trial court merely considers the testimony favorable to the State, assumes it to be true, and determines its legal sufficiency to sustain the allegations of the indictment. The weight and credibility of the testimony are matters for the jury." [Citations omitted.] The elements of the offense of feloniously receiving stolen goods are: (1) receiving or aiding in the concealment of goods; (2) of a value of more than $400.00; (3) stolen by someone else; (4) the receiver knowing or having reasonable grounds to believe the goods had been stolen; (5) the receiver acting with a dishonest purpose. N.C. Gen. Stat. § 14-71 (1981); *State v. Haywood*, 297 N.C. 686, 256 S.E. 2d 715 (1979). Defendant contends that the State presented evidence which was insufficient to prove the existence of the fifth element, "dishonest purpose." Defendant's own, uncontradicted evidence was that three guns of suspicious origin were being kept in his house on the night in question, and he did nothing about them. After having been informed by Edmondson that his guns had been stolen, defendant told him "if I [see] them I [will] get them back to you." We find that defendant's own evidence was sufficient to warrant an inference of his dishonest purpose and submission of the case to the jury.

V

[3]   Defendant's final argument is that the concurrent sentences imposed, "not less than 5 nor more than 7 years" on both convictions, are indeterminate and violate the provisions of N.C. Gen. Stat. § 15A-1351(b) (1981). That statute provides, in pertinent part, that: "Sentencing of a person convicted of a felony that occurred on or after the effective date of Article 81A of this Chapter is subject to that Article; a minimum term of imprisonment shall not be imposed on such a person." Because the crimes took place after 1 July 1981, defendant's convictions are subject to the Article.

We are aware that the trial court found aggravating factors and that those factors outweighed any in mitigation. He was thus, assuming the findings were properly supported by the evidence, justified in imposing a sentence greater than the presumptive term. Nevertheless, the Legislature has mandated that the term chosen must be a definite number of years, and this the trial court did not do.

Accordingly, we vacate that portion of the judgment imposing sentence and remand for sentencing not inconsistent with this opinion and Article 81A of the General Statutes.

Vacated and remanded.

Judges WEBB and PHILLIPS concur.