STATE OF NORTH CAROLINA
v.
ANTHONY JEROME BREWINGTON, Defendant
No. COA08-980
Court of Appeals of North Carolina
Filed September 1, 2009
This case not for Publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Joseph Finarelli, for the State.
Appellate Defender Staples Hughes by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.
STROUD, Judge.
Defendant was ordered to enroll in satellite-based monitoring ("SBM") for the remainder of his natural life pursuant to his 3 March 2008 guilty plea to indecent liberties with a child and sexual activity by a substitute parent. Defendant's sole question raised on appeal is whether his trial counsel's failure to contend that the SBM enrollment statute violates the Ex Post Facto clause of the United States Constitution amounted to ineffective assistance of counsel. We affirm the SBM enrollment order.
To prevail on an ineffective assistance of counsel claim, a defendant must show (1) "that his counsel's conduct fell below an objective standard of reasonableness[,]" State v. Grooms, 353 N.C. 50, 65, 540 S.E.2d 713, 723 (2000) (citation omitted), and (2) there is a "reasonable probability that the alleged error of defense counsel affected the outcome of the trial." Id. In State v. Bare, ___ N.C. App. ___, 677 S.E.2d 518 (2009), this Court rejected an Ex Post Facto claim identical to the one defendant alleges that his trial counsel should have made. "Trial counsels are not required to make useless [arguments] which are without merit, as suggested here." State v. Arsenault, 46 N.C. App. 7, 11, 264 S.E.2d 592, 595 (1980). Accordingly, we conclude that defendant's trial counsel's conduct did not fall "below an objective standard of reasonableness." Grooms, 353 N.C. at 65, 540 S.E.2d at 723. Defendant's argument is overruled.
Affirmed.
Judge CALABRIA concurs.
Judge ELMORE concurs in a separate opinion.
Report per Rule 30(e).
ELMORE, Judge, concurring.
I concur with the majority in affirming the trial court's order, but not because an ex post facto argument would have been useless and without merit. I believe that there are valid ex post facto claims to be made regarding satellite-based monitoring. However, given the inconsistency of results at the trial level and the result from this Court in State v. Bare, defense counsel's conduct did not fall below an objective standard of reasonableness.