# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00214-CR

**Lisa Lee Emmons a/k/a Lisa Lee Jones, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 58162, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se response.

We have reviewed the record, counsel's brief, and appellant's pro se response and agree that the appeal is frivolous and without merit.[1] We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to withdraw is granted.

We note, however, that the judgment of conviction contains language ordering appellant to pay attorney's fees in the amount of $875.00. The record contains no determination by the trial court that appellant has financial resources enabling her to pay such fees. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010) (before ordering attorney's fees, court must determine that defendant has financial resources enabling her to offset cost of legal services provided). The record further reflects that the trial court found appellant indigent and appointed counsel to represent her both at trial and on appeal. We find no factual basis in the record to support a determination that appellant had the financial resources to pay the ordered attorney's fees. *See Anderson v. State*, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *6 (Tex. App.—Austin July 1, 2010, no pet.) (mem. op., not designated for publication) (stating that while trial court is not required to make explicit determination regarding ability to pay, "the record must reflect some factual basis to support a determination that the defendant is capable of paying attorney's fees"). Accordingly, we modify the judgment of conviction by deleting the language ordering appellant to pay attorney's fees in the amount of $875.00. *See Haney v. State*, No. 07-09-0205-CR, 2010 Tex.

---

[1] In her pro se response, appellant makes a plea for leniency, asking that her sentence be reduced. This Court does not have the power to grant appellant's request for leniency, as the determination of the proper sentence is a matter for the factfinder. *See Ransonnette v. State*, 522 S.W.2d 509, 512 (Tex. Crim. App. 1975).

App. LEXIS 7229, at *2 (Tex. App.—Amarillo Sept. 1, 2010, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting order to pay attorney's fees before affirming conviction in frivolous appeal under *Anders*).[2]

The judgment of conviction is affirmed as modified.

_____

Diane M. Henson, Justice

Before Justices Pemberton, Henson and Goodwin

Modified, and as Modified, Affirmed

Filed:   January 21, 2011

Do Not Publish

---

[2]  While the judgment of conviction also orders the payment of court costs and restitution, we do not modify the judgment to delete this language, as a defendant's inability to pay does not bar the imposition of court costs or restitution.  *See Green v. State*, No. 03-09-00718-CR, 2010 Tex. App. LEXIS 8153, at *20-22 (Tex. App.—Austin Oct. 8, 2010, no pet.) (mem. op., not designated for publication).