TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00214-CR






Lisa Lee Emmons a/k/a Lisa Lee Jones, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 58162, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of her right to
examine the appellate record and to file a pro se response.

 We have reviewed the record, counsel's brief, and appellant's pro se response and
agree that the appeal is frivolous and without merit. (1) We find nothing in the record that might
arguably support the appeal. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 
Counsel's motion to withdraw is granted.

 We note, however, that the judgment of conviction contains language ordering
appellant to pay attorney's fees in the amount of $875.00. The record contains no determination by
the trial court that appellant has financial resources enabling her to pay such fees. See Tex. Code
Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010) (before ordering attorney's fees, court must
determine that defendant has financial resources enabling her to offset cost of legal services
provided). The record further reflects that the trial court found appellant indigent and appointed
counsel to represent her both at trial and on appeal. We find no factual basis in the record to support
a determination that appellant had the financial resources to pay the ordered attorney's fees. See
Anderson v. State, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *6 (Tex. App.--Austin
July 1, 2010, no pet.) (mem. op., not designated for publication) (stating that while trial court is not
required to make explicit determination regarding ability to pay, "the record must reflect some
factual basis to support a determination that the defendant is capable of paying attorney's fees"). 
Accordingly, we modify the judgment of conviction by deleting the language ordering appellant to
pay attorney's fees in the amount of $875.00. See Haney v. State, No. 07-09-0205-CR, 2010 Tex.
App. LEXIS 7229, at *2 (Tex. App.--Amarillo Sept. 1, 2010, no pet.) (mem. op., not designated for
publication) (modifying judgment by deleting order to pay attorney's fees before affirming
conviction in frivolous appeal under Anders). (2) 

 The judgment of conviction is affirmed as modified.

 

 

 __________________________________________ Diane M. Henson, Justice

Before Justices Pemberton, Henson and Goodwin

Modified, and as Modified, Affirmed

Filed: January 21, 2011

Do Not Publish
1. In her pro se response, appellant makes a plea for leniency, asking that her sentence be
reduced. This Court does not have the power to grant appellant's request for leniency, as the
determination of the proper sentence is a matter for the factfinder. See Ransonnette v. State,
522 S.W.2d 509, 512 (Tex. Crim. App. 1975).
2. While the judgment of conviction also orders the payment of court costs and restitution,
we do not modify the judgment to delete this language, as a defendant's inability to pay does not bar
the imposition of court costs or restitution. See Green v. State, No. 03-09-00718-CR, 2010 Tex.
App. LEXIS 8153, at *20-22 (Tex. App.--Austin Oct. 8, 2010, no pet.) (mem. op., not designated
for publication).