**Opinion filed August 6, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00131-CR

_____

## KEVIN SCOTT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18616B**

## M E M O R A N D U M   O P I N I O N

Appellant, Kevin Scott, pleaded guilty to the offense of assault-family violence.[1] The trial court assessed punishment at confinement for eight years and sentenced Appellant accordingly. Appellant argues, in his sole issue, that the trial

---

[1]TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B) (West Supp. 2014); TEX. FAM. CODE. ANN. §§ 71.004(1), .005 (West 2014).

court abused its discretion when it denied his request for community supervision. We affirm.

## I. *The Charged Offense*

The grand jury returned an indictment against Appellant for assault-family violence. A person commits the offense of assault-family violence if he commits an act against another member of the family or household[2] "that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself." FAM. § 71.004(1). As charged in this case, assault-family violence is a third-degree felony. PENAL § 22.01(a)(1), (b)(2)(B). The punishment range for a third-degree felony is confinement for not less than two years but not more than ten years, and a fine not to exceed $10,000 may be imposed. PENAL § 12.34 (West 2011).

## II. *Evidence at Trial*

Appellant entered an open plea of guilty to the charge of assault-family violence. During the plea hearing, Appellant acknowledged the felony degree for the offense and the range of punishment. He also signed a written plea admonishment that acknowledged the charge and the range of punishment. Appellant further stated that he understood the implications of his open plea and the range of punishment for the offense, and he acknowledged that the trial court had sole discretion to decide his punishment.

---

[2]"Household" means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other. FAM. § 71.005.

S.S., Appellant's former girlfriend, testified that Appellant, who was a drug dealer in Abilene, had come home upset; he argued with her and assaulted her. S.S. said Appellant would have killed her had she not escaped from his attack. The State introduced the stipulation of evidence signed by Appellant and photos of S.S. and Appellant after the assault.

S.S. also testified that Appellant should be punished so he could "learn a lesson never to try to kill somebody again." Appellant's mother and wife testified that they hoped he would receive probation. Appellant testified that his imprisonment would be a hardship to his wife and his mother, who is blind. Appellant asserted that his recent illness and S.S.'s alcoholism caused him to go over to the house to check on his daughter, Tabitha, even though he knew Tabitha was not at the house. Once he arrived, he argued and fought with S.S.

The trial court requested a presentence investigation report (PSI). The State introduced, at the disposition hearing, evidence of Appellant's criminal history and other information from the PSI. After a brief recess, the trial court noted Appellant's convictions for theft, possession of illegal drugs, fraud, credit card abuse, failure to identify, fugitive from justice, and other offenses. The trial court stated that it had considered the PSI and the evidence "very carefully" and found that it was in society's best interest and Appellant's best interest to hold him accountable for his violent crime.

### III. *Analysis*

Community supervision is a privilege; it is not a right. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). It is exclusively within the discretion of the trial court to determine whether to grant community supervision. *Id.*; *Flores v. State*, 904 S.W.2d 129, 130–31 (Tex. Crim. App. 1995). In addition, a penalty

within the statutory range prescribed by the legislature will not be disturbed. *Ransonnette v. State*, 522 S.W.2d 509, 512 (Tex. Crim. App. 1975).

The trial court heard evidence from several witnesses at the disposition hearing, including Appellant and S.S. The trial court noted the seriousness of the offense committed by Appellant and his "very significant criminal history." The trial court found that Appellant was accountable for his violent crime. The trial court had the discretion to deny Appellant's request for community supervision. *Speth*, 6 S.W.3d at 533. The punishment levied by the trial court was within the range authorized for third-degree felony offenses, and the trial court did not abuse its discretion when it denied Appellant's request for community supervision. We overrule Appellant's sole issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


August 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4