STATE v. ESAU SAMUEL McCASKILL.

(Filed 20 June, 1967.)

**1. Arrest and Bail § 3—**

An officer may arrest without a warrant a motorist whom the officer actually sees violating the statutory speed limit, and has the right to follow the motorist and enter the motorist's home in order to make such arrest. G.S. 15-41(1).

**2. Arrest and Bail § 5—**

An officer attempting to make a lawful arrest may use such force as reasonably appears necessary to take the accused into custody.

**3. Assault and Battery § 15—**

An instruction that if defendant intentionally and without legal justification of self-defense did shoot his victim, and had at the time the intent to kill his victim, and that he inflicted serious injury, defendant would be guilty of a felonious assault, *held* without error.

**4. Criminal Law § 164—**

Where the jury convicts defendant of a lesser degree of the crime charged, any error relating solely to a higher degree of the offense cannot be prejudicial.

**5. Criminal Law § 156—**

A contention that the court failed to charge the jury as required by G.S. 1-180 is broadside and ineffectual.

**6. Criminal Law § 112—**

If a party desires a fuller statement of his contentions or a charge on a subordinate feature, he must aptly tender request therefor.

APPEAL by defendant from *McKinnon, J.,* December Mixed Session, 1966, SCOTLAND Superior Court.

The defendant was charged with a felonious assault upon Willie McNair, a patrolman for the City of Laurinburg.

The evidence for the State tended to show that McNair observed the defendant driving 55 miles per hour in a 25-mile zone, that he followed him to the Teacherage where the defendant lived, called to him that he was under arrest for speeding, that the defendant refused to submit and entered the Teacherage. The officer followed; they got into a scuffle; and he then called police headquarters for help. Upon turning from the phone, he found that the hall was dark, then a shotgun was fired, and he was struck in the lower part of his stomach, that he was later shot again and struck in his right arm. The officer sustained serious injuries from both shots, requiring that he be hospitalized for a total of more than three months.

The defendant denied that the officer had ever informed him that he was under arrest, but told him he was going to take him dead or alive. He testified that the officer had a grudge against him and had annoyed him by minor charges to the extent that he had previously complained to the Chief of Police about McNair's conduct. He said that in the first scuffle he received a blow on the head, and that McNair had shot at him twice before he got his shotgun, loaded it, and fired. He pleaded the lack of authority of the officer to arrest him under these circumstances, denied that he was ever told he was under arrest, and pleaded self-defense.

The jury returned a verdict of guilty of assault with a deadly weapon, a misdemeanor; and from judgment that he be imprisoned for not less than twenty nor more than twenty-four months, with a recommendation that he be placed on work release, the defendant appealed.

*L. J. Britt & Son by L. J. Britt, Jr.; and Robert Weinstein, Attorneys for defendant appellant.*
*T. W. Bruton, Attorney General; George A. Goodwyn, Assistant Attorney General, for the State.*

PER CURIAM: The defendant noted some sixty-six exceptions, most of them being to the charge of the Court. In fact, he excepted to the entire charge, bracketing each paragraph and taking an exception thereto. However, in his brief he brings forth only four exceptions, all of which relate to the charge of the Court. The first of these concerns a statement by the Court that an officer has a right to make an arrest without a warrant if a violation of the Motor Vehicles Act is actually committed in his presence, and if the officer saw the commission of the misdemeanor that he would have the right to enter the premises where the defendant lived in order to make an arrest. This is in accordance with G.S. 15-41(1). See also *S. v. Avent*, 253 N.C. 580, 118 S.E. 2d 47, and *S. v. Fenner*, 263 N.C. 694, 140 S.E. 2d 349.

The second exception is a further statement along the lines of the first exception, stating the requirements for an arrest without warrant, and upon the failure to submit to an arrest, or resistance, that the officer may use such force as appears necessary to take the accused into custody. This exception is overruled upon authority of *S. v. Fain*, 229 N.C. 644, 50 S.E. 2d 904, which holds an officer, having a right to arrest an offender, or preventing an escape, may use such force as is necessary to effect the purpose.

The third exception relates to the statement of a contention of the defendant, but is not supported by any citations, and is without merit. The fourth exception is to the instruction of the Court that if the jury found beyond a reasonable doubt that the defendant "did intentionally and without legal justification of self-defense, shoot Willie McNair with a shotgun, and had in his mind at the time inttent to kill him and that serious injury was inflicted by such shooting," that it would be the duty of the jury to find the defendant guilty as charged. We perceive no error in this, and the defendant could not complain if there were, since he was not found "guilty as charged," but of a misdemeanor. Upon examination of each of the exceptions, we find them without merit.

Although supported by no exceptions, the defendant argues in his brief that the Court failed to charge "as to the contentions of the defendant in accordance with G.S. 1-180." This is a broadside exception which is not sufficient. *S. v. Woolard*, 260 N.C. 133, 132 S.E. 2d 364. Further, the record shows no request by the defendant for a further statement of his contentions or of the law. His failure to do so renders the exception invalid. 4 Strong's N. C. Index, Trial, § 37.

For the purposes of this decision, it is unnecessary to go into further description of the horrible injuries sustained by the officer. The jury, having found that the defendant was not acting in self-defense, was most charitable to him when it did not convict him of a felonious assault. The judge, too, was considerate in recommending that the defendant be placed on work release. He has no cause to complain, as his rights have been fully protected throughout the trial, and his exceptions are without merit.

No error.