STATE OF NORTH CAROLINA v. THEODORE HENRY FRANKUM.

(Filed 13 December, 1967.)

**1. Assault and Battery § 14—**

Evidence tending to show that the defendant shot the prosecuting witness in the leg as he was walking away, unarmed, from the defendant's

house, *held* sufficient to be submitted to the jury on the issue of defendant's guilt of assault with a deadly weapon with intent to kill resulting in serious injury, and especially so when defendant's own testimony revealed that he saw no weapon and was not in fear of harm at the time.

**2. Criminal Law § 164—**

Where the jury convicts defendant of a lesser degree of the crime charged, any error relating solely to a higher degree of the offense cannot be prejudicial.

APPEAL by defendant from *McLean, J.,* 24 July 1967 Criminal Session, GASTON County Superior Court.

The defendant was charged with a felonious assault on Lawrence Miller on 3 April 1967 by shooting him in the right leg with a .22 rifle. The defendant entered a plea of not guilty.

The evidence for the State tended to show that Frankum and Miller lived beside each other; that Miller went to the defendant's house on the night in question looking for his "housekeeper." He found a drinking party going on; and upon being told that his lady friend was not there, he walked away. He got to his own lot when he was shot in the leg. After that, he heard the defendant tell "that woman that keeps house for him . . . 'I'm going to shoot the s.o.b.'" Miller said he had no gun or weapon when he was shot and that he lost five weeks from his work.

The defendant testified that Miller came to his house "pretty well drunk," hit his guest Walt Brady, and knocked blood out of his mouth; that he (the defendant) asked him to leave, and Miller turned around and said, "'You G.d. black s.o.b., why don't you shoot me?' I said, 'I will.'" That Miller was in the front room of the defendant's house when shot; "[h]e opened the door and . . . crawled down the road and somebody picked him up . . . and took him to the hospital."

The jury returned a verdict of guilty of assault with a deadly weapon. Judgment of eighteen months' imprisonment (to run concurrently with the suspended sentence involved in *State v. Frankum, post,* p. 255) was pronounced, and the defendant appealed.

*Donald E. Ramseur, Attorney for defendant appellant.*

*T. W. Bruton, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

PLESS, J. The defendant's own testimony as shown in the statement of facts would justify a peremptory instruction of guilt. But in addition, he "corroborated" it by repeating on cross examination that "[h]e [Miller] was standing in the front room when he turned back and said 'You G.d. black s.o.b., why don't you shoot me?' And

so I did. . . . I got up off the bed to shoot him. . . . No, sir, wasn't hurting a soul. . . . I didn't see no knife. . . . I wasn't scared. I just shot him because he come down there raising hell." The lady who "keeps house" for the defendant also testified that when Miller asked Frankum why he didn't shoot him that Frankum said, "I will" and shot him, and the defendant was not in any great fear or harm at the time.

The defendant's motion to dismiss has no merit as shown by the quoted portions of his own evidence. Other exceptions relating to the admission of evidence are without merit.

The defendant excepts to the Court's charge regarding an aggressor in the home of another and an instruction about a felonious assault. The defendant has shown only that Miller was obnoxious, but unarmed and making no assault when shot. "[N]o words, however violent or insulting, justify a blow." *Goldberg v. Ins. Co.*, 248 N.C. 86, 102 S.E. 2d 521. Because the jury did not convict of the felonious assault, any incorrect instruction relating thereto would not constitute error. *State v. McCaskill*, 270 N.C. 788, 154 S.E. 2d 907.

As stated above, the defendant was guilty of an assault with a deadly weapon, at least, upon his own statement. The Court was kind enough to the defendant to give him a chance before the jury that he did not deserve. He has no valid complaint.

No error.