**UNITED STATES of America**

v.

**Wilford Reynolds OLIVER, a/k/a Wilford L. Oliver, Appellant.**

**No. 77–1607.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 1, 1978.

Stephen J. Duffy,* and Larry J. Ritchie, Washington, D. C., were on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Steven R. Schaars and Reggie B. Walton, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Before ROBINSON, ROBB and WIL-KEY, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The appellant Oliver was indicted for distributing heroin in violation of 21 U.S.C. § 841(a). On the day of trial the District Court refused to grant his request for a continuance so that he might retain an attorney to replace appointed counsel. On his appeal his only contention is that the court thereby deprived him of his right to counsel of his choice.

Oliver was indicted March 1, 1977 and counsel was appointed for him. He was arraigned March 11, and entered a plea of not guilty. At a status call March 31, the defendant and appointed counsel being present, the case was set for trial April 19. On April 19, before the jury was called, Oliver told the court that he was retaining counsel, Mr. Mundy, who was familiar with his alleged harassment by the Police Department. The record reflects the following:

DEFENDANT OLIVER: Good morning.

I talked to Mr. Mundy yesterday. He told me to inform you, with all respect to the Court, that his father had been sick and he had a lot of cases in court and he just got free and he would be able to take my case.

THE COURT: Today, this morning?

DEFENDANT OLIVER: Well, I just talked to him yesterday. He just got free from another case. He said he had a caseload; he has been running a lot of cases, plus his father was sick.

He told me to inform the Court that he would take my case and he hoped you would understand.

THE COURT: He is willing to take it today?

DEFENDANT OLIVER: He told me to ask you to give him a few days.

THE COURT: No, we are going to trial today. No, Mr. Oliver.

The court denied the request for continuance and the case went to trial.

The district judge did not abuse his discretion in denying the continuance, sought

* Entered an appearance as Student Counsel pursuant to Rule 20 of the General Rules.

for the first time at the very hour of trial. Although the record discloses that Oliver had talked of retaining counsel and had spoken to a lawyer about retaining him, this lawyer had not entered an appearance, was not in the courtroom on the morning of trial, and apparently had not been formally retained. On the other hand, the witnesses for the prosecution were present, the government counsel was ready, and appointed counsel was prepared to proceed.

In these circumstances there was no reason to grant a continuance. Oliver had ample opportunity, prior to the eve of trial, to retain counsel of his choice. He made no attempt to explain why he had not done so. The burden is not on the trial judge to uncover the reason for apparent dilatoriness, and Oliver has not even suggested a legitimate reason to us—if indeed there was one. Compare *McGill v. United States*, 121 U.S.App.D.C. 179, 182–183, 348 F.2d 791, 794–95 (1965) with *United States v. Mardian*, 178 U.S.App.D.C. 207, 214, 546 F.2d 973, 980 (*en banc* 1976) and *Lee v. United States*, 98 U.S.App.D.C. 272, 274, 235 F.2d 219, 221 (1956).

*The Judgment is Affirmed.*