STATE OF NORTH CAROLINA v. WAYNE HAYWOOD BROOKS

No. 7829SC296

(Filed 5 September 1978)

1. **Criminal Law § 106.5— uncorroborated testimony of accomplice—sufficiency of evidence**

    It was not error for the trial court to permit defendant's conviction based solely upon the uncorroborated testimony of an accomplice.

2. **Constitutional Law § 48— effective assistance of counsel not denied**

    Defendant's contention that he was denied adequate assistance of counsel in the preparation of his defense and at trial is without merit, since nothing in the record tended in any way to indicate incompetence of counsel or that the trial was a farce or mockery of justice.

APPEAL by defendant from *Ervin, Judge.* Judgment entered 2 November 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 16 August 1978.

The defendant was indicted for felonious breaking or entering and felonious larceny and entered pleas of not guilty. The jury returned verdicts of guilty as charged on both bills. From judgment sentencing him to consecutive terms of imprisonment of ten years and six to ten years respectively, the defendant appealed.

The State offered evidence at trial tending to show that the defendant and an accomplice broke into Medical Arts Pharmacy, Inc., in Forest City, North Carolina, on 31 January 1977. At that time they took and carried away from the pharmacy quantities of various types of prescription drugs and other property. The only evidence offered by the State tending to show the defendant participated in the crimes charged was in the form of testimony by the defendant's alleged accomplice.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*J. H. Burwell, Jr., for defendant appellant.*

MITCHELL, Judge.

[1] The defendant assigns as error the trial court's denial of his motion to dismiss at the close of the State's evidence. In support

of this assignment, the defendant contends that it was error for the trial court to permit his conviction based solely upon the uncorroborated testimony of an accomplice. We do not agree.

At common law it is well settled that the testimony of an accomplice, although entirely without corroboration, will support a conviction of one accused of a crime. *Caminetti v. United States*, 242 U.S. 470, 61 L.Ed. 442, 37 S.Ct. 192 (1917); 30 Am. Jur. 2d, Evidence, § 1151, p. 327. In this jurisdiction the common law rule to this effect has been adopted and is to be applied by the trial courts. *State v. Bailey*, 254 N.C. 380, 119 S.E. 2d 165 (1961) (*obiter dictum*); *State v. Shaft*, 166 N.C. 407, 81 S.E. 932 (1914) (same); *State v. Haney*, 19 N.C. 390, 397-99 (1837). This assignment is, therefore, without merit and overruled.

[2] The defendant acting pro se has prepared five assignments of error and supporting arguments which his counsel has included in his brief. Among these, the defendant contends that he was denied adequate assistance of counsel in the preparation of his defense and at trial. Usually this issue arises during post conviction proceedings. It may however be considered on direct appeal, and for purposes of judicial efficiency we consider it here. The alleged incompetency of counsel for a defendant does not constitute a denial of constitutional right unless the defendant's representation by counsel is so lacking as to make the trial a farce and a mockery of justice. *State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974). Here, the State presented evidence through an accomplice that the defendant committed the acts alleged in the indictments. The defendant testified to the contrary. The jury apparently believed the State's evidence, and nothing in the record tends in any way to indicate incompetence of counsel or that the trial was a farce or mockery of justice. This assignment of error is without merit and is overruled.

We have also reviewed the other assignments of error presented by the defendant pro se and find them to be unsupported by the record on appeal and without merit. The defendant received a fair trial free from prejudicial error and we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.