STATE OF NORTH CAROLINA v. FRED HURST

No. 67

(Filed 12 January 1982)

1. **Criminal Law § 147— motion for appropriate relief—insufficiency of materials to make determination**

  As the materials before the Court were insufficient to determine if defendant's conviction was obtained in violation of the U.S. or N.C. Constitution

under G.S. 15A-1415, pursuant to G.S. 15A-1418(b) the Court could remand the motion to the trial court; however, the Court, in this case, determined the better procedure to be to dismiss the motion.

**2. Criminal Law § 146.1— errors not presented to Court of Appeals—not properly before Supreme Court**

Assignments of error not presented to the Court of Appeals are not properly presented to the Supreme Court. App. Rule 16(a).

ON certiorari to review unpublished decision of the Court of Appeals finding no error in judgments entered by *Clark, J.,* at the 2 June 1980 Regular Criminal Session of Superior Court, ALAMANCE County.

Upon pleas of not guilty, defendant was tried on a bill of indictment charging that on 20 December 1979 he (1) possessed 300 tablets of methaqualone, a controlled substance, for purpose of sale, and (2) sold and delivered said quantity of methaqualone; and a second bill of indictment charging that on 1 January 1980 he (1) possessed 100 tablets of methaqualone, and (2) sold and delivered said 100 tablets of methaqualone. Without objection the cases were consolidated for trial.

The state presented evidence tending to show that on 20 December 1979 J. R. Griffith, an officer with the Alamance County Sheriff's Department, saw and had a conversation with defendant in an automobile parked on O'Kelly Street in the Town of Elon College; that on that occasion defendant retrieved from his clothing and delivered to Officer Griffith a paper bag which defendant said contained 300 quaaludes (methaqualone); that the bag contained that which defendant said it did; that the officer paid defendant $870.00 therefor; that on 1 January 1980 Officer Griffith again saw and had a conversation with defendant on O'Kelly Street in the Town of Elon College; that on that occasion, defendant removed from his clothing and delivered to Officer Griffith a clear, plastic bag containing 100 quaaludes; and that the officer paid defendant $290.00 therefor.

Defendant testified as a witness for himself and denied seeing Officer Griffith on said occasions. He also denied possessing or selling quaaludes (methaqualone) at any time. His mother testified that at all times on 1 January 1980 defendant was either in Raleigh visiting friends or was at her home with her.

The jury found defendant guilty of all four charges. On the 20 December 1979 charges, the court entered judgment imposing a prison sentence of not less than eight nor more than ten years. On the 1 January 1980 charges, the court entered judgment imposing a prison sentence of not less than three nor more than five years, this sentence to begin at expiration of the eight-ten year sentence. The court recommended work release whenever defendant becomes eligible for that program.

Defendant gave notice of appeal. On 9 June 1980, the trial court determined that defendant was indigent and appointed Attorney J. D. Pickering, who had represented him at trial as privately employed counsel, to represent defendant on appeal. Mr. Pickering prepared, served and filed a record on appeal in the Court of Appeals but failed to file a brief in that court. Nevertheless, the Court of Appeals considered the two assignments of error set forth in the record on appeal and concluded that they were without merit. The court further stated that "we have carefully examined the record filed herein and find no error in the trial."

Following the filing of the Court of Appeals' decision on 5 May 1981, Attorney John D. Xanthos was employed by defendant. Through his new counsel, defendant petitioned this court for a writ of certiorari to review the decision of the Court of Appeals. We allowed the petition on 18 June 1981.

*Rufus L. Edmisten, Attorney General, by Sandra M. King and Ralf F. Haskell, Assistant Attorneys General, for the State.*

*John D. Xanthos for defendant-appellant.*

PER CURIAM.

By permission of this court, defendant has filed an addendum to the record on appeal, setting forth the trial judge's charge to the jury and certain other trial proceedings not included in the original record. The addendum also contains assignments of error not set forth in the original record. In addition, he has filed in this court a motion for appropriate relief pursuant to G.S. 15A-1415(b)(3) and G.S. 15A-1418 *et seq.* Attached to this motion are affidavits of defendant and his mother, Peggy Hurst.

By his first assignment of error defendant contends that he was denied effective assistance of counsel at his trial in superior court and in his appeal to the Court of Appeals in violation of his rights guaranteed by the sixth and fourteenth amendments to the federal constitution. For the reasons hereinafter stated, we decline to pass on this assignment.

[1] While G.S. 15A-1418(a) authorizes the filing of motions for appropriate relief in the appellate division, G.S. 15A-1418(b) provides as follows:

> When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, or whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings. If the appellate court does not remand the case for proceedings on the motion, it may determine the motion in conjunction with the appeal and enter its ruling on the motion with its determination of the case.

G.S. 15A-1415 provides, *inter alia*, that at any time after verdict a defendant by motion may seek appropriate relief if his conviction was obtained "in violation of the Constitution of the United States or the Constitution of North Carolina". The materials before us are not sufficient for us to make that determination. While the quoted statute suggests that the motion be remanded to the trial court for hearing and determination, we think that the better procedure in this case is to dismiss the motion and permit defendant, if he so desires, to file a new motion for appropriate relief in the superior court.[1] We will proceed to consider the other assignments of error argued in defendant's brief.

By his second assignment of error defendant contends the trial court expressed an opinion in the presence of the jury in violation of G.S. 15A-1222. By his third assignment of error, he contends that the trial court erred in its instructions to the jury.

---

1. "The Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division . . . ." N.C. Constitution, Art. IV, Sec. 13(2).

[2] Rule 16 of the Rules of Appellate Procedure sets out the scope of review by this court of decisions of the Court of Appeals. Rule 16(a) provides in pertinent part:

> Review by the Supreme Court after a determination by the Court of Appeals, whether by appeal of right or by discretionary review, is to determine whether there is error of law in the decision of the Court of Appeals. Review is limited to consideration of the questions properly presented in the new briefs required by Rules 14(d)(1) and 15(g)(2) to be filed in the Supreme Court.

The questions which defendant attempts to present by his second and third assignments of error were not presented to the Court of Appeals, therefore, they are not properly presented in his new brief to this court. Nevertheless, we have considered those questions and conclude that they are without merit and that discussion of them is not justified.

After a careful review of the record on appeal, the addendum thereto, the decision of the Court of Appeals and the briefs filed in this court, we hold that defendant received a fair trial, free from prejudicial error.

The decision of the Court of Appeals is affirmed.

Defendant's motion for appropriate relief is dismissed.