STATE OF NORTH CAROLINA v. MELVIN JAMES

No. 8212SC500

(Filed 1 February 1983)

1. **Homicide § 21.7— second degree murder—sufficiency of evidence**

    The State's evidence in a prosecution for second degree murder was sufficient for the jury where it tended to show that defendant shot and killed deceased with a shotgun, although defendant presented evidence tending to show that the State's chief witness actually did the shooting.

2. **Criminal Law § 87.4— evidence competent on redirect examination**

    An officer's testimony concerning a description of an assailant given him by a witness to a shooting was admissible on redirect examination to explain testimony brought out on cross-examination, although it might not have been proper in the first instance.

3. **Constitutional Law § 48— effective assistance of counsel**

    A defendant on trial for a homicide was not denied his right to the effective assistance of counsel by failure of his counsel to make certain objections

during the trial where most of the alleged omissions were part of what appeared to be a well-planned trial strategy not to contest the admission of evidence that the victim was killed by a certain shotgun but to contend that the State's chief witness did the shooting rather than defendant.

**4. Criminal Law § 113.3— failure to charge on subordinate feature—necessity for special request**

The trial court did not err in failing to instruct the jury concerning the prior inconsistent statements of a State's witness where defendant failed to request special instructions on this subordinate feature of the case.

ON a writ of certiorari to review judgment of *Preston, Judge.* Judgment entered 8 November 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 November 1982.

Defendant was indicted for first degree murder and tried for second degree murder in the shooting death of Nathaniel "Slim" Wright. Defendant was convicted of voluntary manslaughter and sentenced to 20 years imprisonment. His appeal was not timely perfected; however, this Court allowed certiorari.

*Attorney General Edmisten, by Assistant Attorney General Christopher P. Brewer, for the State.*

*Reid, Lewis and Deese, by Marland C. Reid, for defendant appellant.*

BECTON, Judge.

I

The issues on appeal concern whether the trial court erred in denying defendant's motions to dismiss, in admitting hearsay testimony, and in failing to charge on prior inconsistent statements; and whether defendant was denied his right to the effective assistance of counsel. We have considered all of the issues, and for the reasons that follow, we find no error.

. The State presented evidence tending to show that Nathaniel "Slim" Wright was shot and killed by a shotgun blast near the Prince Charles Hotel in Fayetteville on the night of 8 December 1978. Glenn Keith Brown, who appeared for the State in exchange for immunity, testified that he and defendant were in the bar of the Prince Charles Hotel where defendant, with Brown's assist-

ance, fought with Wright over some bad dope Wright had sold to defendant. After the crowd broke up the fight, Brown and defendant went to defendant's girlfriend's apartment, where defendant got his shotgun. They returned to the parking lot of the hotel where they confronted Wright. Defendant retrieved the gun from some bushes where it had been hidden by Brown, told Wright that "he was going to float," and fired the fatal shot. Defendant gave the gun to Brown as they fled the scene. Brown broke the gun down and threw it into a creek.

Brown and defendant went to Henry Jackson's house where they hid overnight. Jackson testified that the two men came to his house that night stating that they were in trouble. Defendant told Jackson that he had shot Wright.

Defendant presented evidence tending to show that Brown shot Wright. He testified that after the fight he went to his sister's house. As he came out of his sister's house, he was asked by Brown to go back to the hotel. As they rode to the hotel, he noticed that Brown had a gun. Upon arrival, they parted. He did not see Brown until later that night when Brown ran up to him and said "I told him (Wright) that I would get even with him." They spent the night at his aunt's house.

The aunt verified that they spent the night there. Brown's former coach testified that he overheard Brown say that he shot Wright but defendant was going to take the rap for it. Other witnesses testified that defendant was not in the area of the hotel when the shooting occurred.

## II

[1] Defendant first argues that the trial court erred in denying his motions to dismiss because the State's evidence essentially consisted of the inherently incredible testimony of Brown. We find no merit in this argument.

The rules of law governing the determination of a motion to dismiss are familiar. In ruling on a motion to dismiss, the trial court does not pass upon the credibility of the witnesses for the prosecution, or take into account any evidence contradicting them offered by the defense. The trial court merely considers the testimony favorable to the State, assumes it to be true, and deter-

mines its legal sufficiency to sustain the allegations of the indictment. The weight and credibility of the testimony are matters for the jury. *State v. Lester,* 294 N.C. 220, 240 S.E. 2d 391 (1978). For the State's evidence to withstand a motion to dismiss, there must be substantial evidence of each of the essential elements of the offense charged. *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979).

Applying these principles, we have reviewed the record and find that there was adequate evidence to take the case to the jury. Brown's testimony alone was sufficient to take the case to the jury. The weight and credibility of Brown's testimony were to be determined by the jury. Moreover, there was corroborating testimony from Henry Jackson, who testified that defendant admitted shooting Wright. Several witnesses testified that they saw two black males, one carrying a gun, running from the scene.

### III

[2] Defendant next contends that the trial court erred in admitting hearsay testimony by a police officer concerning a description he had been given. The police officer testified on cross-examination that nothing in his investigation tied defendant to the case except a description of the assailant he had been given by a witness to the shooting. On redirect examination, the officer identified the witness as Mr. Tyndall. After the court overruled defendant's objection, he stated that the description given him by Tyndall was of "a black male approximately 27 years of age, 150-160 pounds, about five foot seven or eight."

This testimony was admissible on redirect since it explained the testimony brought out on cross-examination, although it might not have been proper in the first instance. *See State v. Albert,* 303 N.C. 173, 277 S.E. 2d 439 (1981). Moreover, the admission of the description was not prejudicial in light of defendant's defense that Brown did the shooting. The description also could have fit Brown. Brown, on cross-examination by defendant's counsel, described himself at the time of the shooting as being 5'9" tall, weighing 150 pounds, and having long sideburns, a goatee and mustache. Brown was also in the courtroom so that the jury was able to compare the description with Brown. Accordingly, this assignment of error is overruled.

IV

[3]   Defendant next contends that he was denied his right to effective assistance of counsel. The alleged deficiencies in representation concern the failure to object to testimony relating to the shotgun and to certain hearsay testimony, the failure to object, or to request limiting instructions concerning the admission of corroborative testimony, the failure to make post-verdict motions, and the failure to perfect defendant's appeal.

While it is true that "[u]sually, the question of alleged failure of counsel to render effective representation arises on post conviction proceedings, . . . [it is also a fact that] the question can be considered on direct appeal." *State v. Hensley*, 294 N.C. 231, 239, 240 S.E. 2d 332, 337 (1978). *See State v. Brooks*, 38 N.C. App. 48, 247 S.E. 2d 38. In light of the Supreme Court's decision in *Hensley*, our decision in *Brooks*, and because of the facts in this case, we address defendant's contention on direct appeal.

The recently adopted test in North Carolina for determining whether there has been effective assistance of counsel is the standard used by the United States Supreme Court in *McMann v. Richardson*, 397 U.S. 759, 25 L.Ed. 2d 763, 90 S.Ct. 1441 (1970). *State v. Vickers*, 306 N.C. 90, 291 S.E. 2d 599 (1982).

Under *McMann*, the test is whether the assistance given was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. at 771, 25 L.Ed. 2d at 773, 90 S.Ct. at 1449. We will not second guess counsel on questions of trial strategy. Each claim must be considered on a case by case basis. *State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974).

Applying these principles, we have examined each of the alleged omissions and find that defendant was not denied his right to effective assistance of counsel. Most of the alleged omissions were part of what appeared to be a well-planned trial strategy not to contest the admission of evidence that Wright was killed by a certain shotgun but to contend that Brown did the shooting rather than defendant. Moreover, even had trial counsel made all of the objections, the outcome of the trial would likely have been the same. Trial counsel conducted extensive cross-

examination of the key State witnesses and presented evidence on behalf of defendant.

With regard to defendant's claim that his trial counsel failed to perfect the appeal, we point out (1) that the only remedy would be appellate review, not a new trial; (2) that our grant of the writ of certiorari renders moot this claim; and (3) that the evidence, in any event, tends to show that trial counsel failed to perfect the appeal because defendant told him to drop the appeal.

V

[4]  Defendant finally contends that the trial court erred by omitting from its charge to the jury an instruction as to the prior inconsistent statements of Brown. The trial court instructed on all the essential elements of the crime charged; thus, it charged on all the substantial features of the case. *State v. Hines*, 54 N.C. App. 529, 284 S.E. 2d 164 (1981). Following the instructions, both counsel were specifically asked if they desired further instructions. Both responded that they did not. Defendant's failure to request special instructions on this *subordinate feature* of the case bars him from complaining of that omission here. *Id. See, State v. Boyd*, 278 N.C. 682, 180 S.E. 2d 794 (1971).

For the foregoing reasons, we find

No error.

Judges HEDRICK and WEBB concur.