STATE OF NORTH CAROLINA v. LARRY E. WISE

No. 823SC1191

(Filed 20 September 1983)

1. **Constitutional Law § 48— effective assistance of counsel—dismissal of assignment of error**

The record failed to show that defendant was denied the effective assistance of counsel in an assault case because defendant's attorney had previously represented the victim and other prosecution witnesses, and defendant's assignment of error concerning ineffective representation was dismissed so as to permit defendant to seek relief through a post-conviction motion for appropriate relief in the trial court pursuant to G.S. 15A-1415(a).

2. **Criminal Law §§ 113.1, 163— failure to summarize evidence—no "plain error"**

The trial court's failure to summarize evidence favorable to defendant was not "plain error" requiring a new trial even though defendant failed to object to the charge where such evidence did not tend to exculpate defendant and could not have had any prejudicial impact on the jury's finding of guilt. App. Rule 10(b)(2).

APPEAL by defendant from *Peel, Judge.* Judgment entered 26 April 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 31 August 1983.

*Attorney General Edmisten by Assistant Attorney General Sarah C. Young for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Lorinzo L. Joyner for defendant appellant.*

BRASWELL, Judge.

The defendant was convicted by a jury of assault with a deadly weapon with intent to kill and sentenced to the presumptive term of three years. The major issue on appeal is whether the defendant's constitutional right to the effective assistance of counsel was denied because of a conflict of interest created by his

attorney's previous representation of prosecution witnesses. The defendant also contends that the trial court committed error by failing to incorporate facts arising from his evidence into the jury instructions even though no objection to this effect was made at the appropriate time. After careful examination of each assignment of error, we conclude that the defendant's trial was free from prejudicial error.

The State offered evidence showing that the defendant is the father of two children by Shirley McClees. On 25 December 1981, Vanie Smith, Jr., and his friend, Eddie Haskins, were in Ms. McClees' apartment when the defendant and Aaron Miller arrived in the defendant's car. The defendant remained in the car while Miller went to the apartment door and told Haskins that the defendant wanted to talk to him at the car. Haskins complied. Shortly thereafter, Smith, watching from the apartment window, saw the defendant get out of the car and put a handgun into his jacket. Smith then walked out of the apartment holding out his hands to show the defendant that he was not armed. The defendant walked to the door of the apartment, and after accusing Smith of abusing his children, began firing the pistol at Smith. Wounded by the second of three shots fired by the defendant, Smith ran to a neighbor's house where the police and an ambulance were called.

The defendant offered no evidence of his own, but cross-examined each prosecution witness. Eddie Haskins, one eyewitness to the assault, originally stated that the victim had a knife with him, but immediately changed that statement and testified consistently with the other witnesses that the victim had no knife nor had he threatened the defendant in any way. In the course of the proceedings, Reginald L. Frazier, defense counsel, attempted to impeach Haskins through a previous conviction in which Frazier had represented Haskins. Later, Frazier also stated that he had represented the victim, Vanie Smith, Jr., as well as Shirley McClees for many years.

The defendant was found guilty of assault with a deadly weapon with intent to kill. The defendant, with new counsel, appeals.

[1]   In his first assignment of error, the defendant claims he was denied effective assistance of counsel due to a conflict of interest

arising from his attorney's previous professional relationship with key prosecution witnesses. This right emanates from the Sixth Amendment right to counsel clause, made applicable to the states through the Fourteenth Amendment, and is also guaranteed by Article I, Sections 19 and 23 of the North Carolina Constitution. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970); *State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974).

In *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982), the Supreme Court formally adopted the federal McMann test to gauge the effectiveness of counsel. The test requires that the assistance given by counsel be "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson, supra*, at 771, 90 S.Ct. at 1449, 25 L.Ed. 2d at 773. Obviously, this standard forces the reviewing court to approach this question *ad hoc* and to review the circumstances of each case. *State v. Richards*, 294 N.C. 474, 242 S.E. 2d 844 (1978). Before the necessary facts can appear in the record, there must be at some point an evidentiary hearing. Therefore, an ineffective representation claim is normally and more appropriately raised in post-conviction proceedings where the defendant may be granted a hearing on the matter with the opportunity to introduce evidence. *State v. Vickers*, 306 N.C. 90, 95, 291 S.E. 2d 599, 603 (1982); *State v. Milano*, 297 N.C. 485, 496, 256 S.E. 2d 154, 160 (1979); *State v. Sneed, supra*, at 612, 201 S.E. 2d at 871 (1974); and *State v. James*, 60 N.C. App. 529, 533, 299 S.E. 2d 451, 453 (1983).

The defendant has not made a motion for appropriate relief in the trial court pursuant to G.S. 15A-1415 which would entitle him to a hearing on any questions of law or fact arising from his motion. *See* G.S. 15A-1420(c)(1). By statute, the defendant may seek relief at any time after the verdict from a conviction obtained in violation of his constitutional rights. G.S. 15A-1415(b)(3). He may also seek relief in the appellate division on direct appeal. G.S. 15A-1418(a). *See State v. James, supra.* In the present case, the defendant has not formally made such a motion, but by raising the question in his brief, has in effect asked this Court to make the same determination and to award similar relief. According to G.S. 15A-1418(b),

"When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the

motion may be determined on the basis of the materials before it, or whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings. If the appellate court does not remand the case for proceedings on the motion, it may determine the motion in conjunction with the appeal and enter its ruling on the motion with its determination of the case."

The denial of the right to effective assistance of counsel in this case is based on a conflict of interest between the defense counsel's loyalty to the defendant and to prosection witnesses. By the very nature of the claim, this alleged conflict of interest, unlike the use of certain trial tactics or the actual performance of an attorney at trial, is not a matter which will appear on the face of the record. *See State v. Milano, supra; State v. Vickers, supra; State v. Weaver, supra.* At present, the materials of record before this Court are not sufficient to support the defendant's theory of relief. Evidence such as testimony by the attorney concerning the status of his relationship with the prosecution witnesses and testimony from these witnesses on the matter, must be received in order to enable this Court to determine whether the defense counsel's representation did meet all constitutional requirements.

G.S. 15A-1418(b) provides that if the matter cannot be decided on the basis of the materials before the court, then it should be remanded for an evidentiary hearing. In *State v. Hurst,* 304 N.C. 709, 285 S.E. 2d 808 (1982), the defendant was similarly claiming that he had been denied effective assistance of counsel. Using Article IV, Section 13(2) of the North Carolina Constitution which gives the Supreme Court exclusive authority to make the rules of appellate procedure and practice, the Supreme Court refused to remand the case. It reasoned that "[w]hile the quoted statute suggests that the motion be remanded to the trial court for hearing and determination, we think that the better procedure in this case is to dismiss the motion and permit defendant, if he so desires, to file a new motion for appropriate relief in superior court." *Id.* at 712, 285 S.E. 2d at 810.

The defendant has made no motion for appropriate relief, but instead would have us reverse the conviction and remand this case for an evidentiary hearing. No reversal is possible because

the record before us does not establish that counsel's assistance was anything less than the standard required. The transcript of the trial showed defense counsel vigorously cross-examined each prosecution witness and with the defendant's approval offered no evidence. In fact, any inside information which might have been gathered by defense counsel through the conflicting representations was used to impeach the prosecution witnesses, a definite benefit to the defendant's case, not a detriment.

Also, it was not error for the trial judge to refrain from initiating an inquiry into the possible conflict of interest. Unless the circumstances indicate otherwise, the state trial courts "may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist." *Cuyler v. Sullivan*, 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed. 2d 333, 345-46 (1980). North Carolina case law suggests that circumstances requiring an inquiry may be when two codefendants are represented by members of the same law firm or by single counsel and the possible conflict is apparent prior to trial. *State v. Arsenault*, 46 N.C. App. 7, 264 S.E. 2d 592 (1980). Unlike those times when counsel represents two codefendants, the nature of the conflict of interest in the present case would not be apparent to the trial judge prior to trial so that he could inquire into any possible conflict of interest. Also, the *Arsenault* case was remanded for evidentiary hearing, but only after the defendant had made a substantial showing that a constitutional violation had occurred. From the record before us, the defendant can make no such showing.

Therefore, rather than overrule the defendant's first assignment of error and decide the issue on the merits based on an inadequate record, we dismiss the assignment of error in accordance with *State v. Hurst, supra*, allowing the defendant to seek relief through a post-conviction motion pursuant to G.S. 15A-1415(a),

[2] The second assignment of error raised by the defendant concerns whether the trial judge erred in his instructions to the jury by failing to include facts from the defendant's evidence. The record clearly reveals that the defendant offered no evidence, choosing only to cross-examine each state witness, and that after the judge completed his charge to the jury the defendant did not

object to the instructions when given the opportunity to do so. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides that "[n]o party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict." Until recently, the defendant's failure to object to the charge alone would preclude him from asserting this assignment of error.

However, the Supreme Court, acknowledging the harshness of Rule 10(b)(2), adopted the "plain error" rule. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). Although the defendant does not call the rule by name in his brief, he has in effect asked this Court to apply it to this case. As explained in *State v. Odom*, "[t]he 'plain error' rule is used by the federal courts pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure which states that '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *Id.* at 660, 300 S.E. 2d at 378. Naturally every error is not "plain error" justifying a reversal. Only when the alleged error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its element that justice cannot have been done" will the court overlook the mandate of Rule 10(b)(2) and review the defect in the jury instructions. *Id.*, citing *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir.), *cert. denied*, --- U.S. ---, 103 S.Ct. 381, 74 L.Ed. 2d 513 (1982) (footnotes omitted) (emphasis in original).

In order to classify the error as "plain error," "the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *Id.*, at 661, 300 S.E. 2d at 379, citing *United States v. Jackson*, 569 F. 2d 1003 (7th Cir.), *cert. denied*, 437 U.S. 907, 98 S.Ct. 3096, 57 L.Ed. 2d 1137 (1978). The defendant claims error was committed when the trial judge failed to summarize any of the evidence favorable to the defendant, specifically (1) that the defendant believed the victim was mistreating his children, (2) that an altercation between the victim and defendant had occurred several weeks earlier, and (3) that the victim may have been armed with a knife. The defendant is simply mistaken with regard to the first two allegedly missing facts. The challenged charge clearly states "[t]hat the defendant, Mr. Wise, said he was going to kill Vanie Smith, Jr. That approximately two weeks

before Thanksgiving the defendant, Mr. Wise, had told Vanie Smith, Jr., that he was going to kill him and having [*sic*] accused him of mistreating his children." In *State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979), *cert. denied*, 454 U.S. 973, 102 S.Ct. 523, 70 L.Ed. 2d 392 (1981), the court held that ordinarily the trial judge is not required to recapitulate all of the evidence, but if in his charge he states fully the contentions of the State, yet fails to give any contentions of the defendant, then he has committed prejudicial error. In the present case, as evidenced by his charge, the trial judge did include important facts favorable to the defendant.

As for the last excluded fact, on cross-examination only one witness briefly suggested that the victim might have been armed with a knife, but immediately corrected his statement: "[H]e had a knife but—I mean he had no knife or threatened that man in any kind of way." In any event, even if a reference to the knife had been included, it in no way tends to exculpate the defendant. The defendant does not raise self-defense or defense of others as a motive for his actions, but relies on the theory that the defendant had adequate provocation for his actions because it was Christmas Day and Vanie Smith, Jr., had allegedly threatened to dispose of his children's Christmas gifts. This theory constitutes a mitigating factor possibly for sentencing, but is not a defense to assault. *See State v. Frankum*, 272 N.C. 253, 158 S.E. 2d 62 (1967). *See also* 6A C.J.S. *Assault and Battery* § 86 (1975). Therefore, the absence of this evidence in the jury instructions could not have had any prejudicial impact on the jury's finding of guilt and, in turn, was not "plain error."

In conclusion, we hold that the defendant's claim that he was denied effective assistance of counsel should be dismissed so he may pursue appropriate relief in the trial court. Secondly, we have found no plain error in the trial court's charge to the jury that would mandate a new trial.

No error.

Judges BECTON and JOHNSON concur.