STATE OF NORTH CAROLINA v. FREDERICK JONES

No. 843SC474

(Filed 19 March 1985)

1. Criminal Law § 91.4— denial of continuance to obtain new counsel

　　The trial court did not err in the denial of defendant's motion for a continuance in order to retain private counsel as a substitute for his court-appointed

public defender where the record shows that, after an initial summary denial of defendant's motion before jury selection, defendant was offered an opportunity to be heard on the motion, and defendant declined and orally indicated his satisfaction with his court-appointed counsel and his willingness to proceed, and where defendant has shown no prejudice arising from the denial of his motion to continue.

**2. Criminal Law § 138— sentencing—failure to weigh mitigating factor**

Defendant is entitled to a new sentencing hearing where the trial court found as a mitigating factor that defendant reasonably believed that his conduct was legal but the trial court failed properly to weigh this mitigating factor against the sole aggravating factor which it found. G.S. 15A-1340.4(a)(2)(k).

Judge ARNOLD concurring in part and dissenting in part.

APPEAL by defendant from *Winberry, Judge.* Judgment entered 19 October 1983 in Superior Court, PITT County. Heard in the Court of Appeals 5 February 1985.

This is a criminal action in which defendant, Frederick Jones, entered guilty pleas to the felony of shooting into an occupied vehicle, G.S. 14-34.1, and the misdemeanor of assault with a deadly weapon, G.S. 14-33(b)(1). Defendant was sentenced to ten years imprisonment for the felony and two years imprisonment for the misdemeanor to run concurrently with the felony sentence. The presumptive sentence for the felony is three years. G.S. 15A-1340.4(f)(6). Defendant appeals, assigning errors in his sentencing and the trial court's failure to grant his motion for a continuance.

The essential facts are:

Defendant was originally charged in bills of indictment with two counts of assault with a deadly weapon with intent to kill and shooting into an occupied vehicle. He was also charged with misdemeanor larceny. Defendant pleaded not guilty to all charges. On the day the cases were called for trial, defendant moved for a continuance in order to retain private counsel as a substitute for his court-appointed public defender. The motion was denied and defendant then indicated that he was willing to continue being represented by the public defender. At the conclusion of the State's evidence, defendant entered into a plea bargain that did not deal with sentencing.

At the sentencing hearing, the trial court found one factor in aggravation (that defendant had two prior convictions punishable by more than 60 days) and one factor in mitigation (that defend-

ant reasonably believed that his conduct was legal) and declined to find as a mitigating factor that defendant acted because of "strong provocation." The trial court then stated that it did not believe the mitigating factor found was actually established but would list it as a mitigating factor found, only because "knowing how some of our appellate courts operate, they might." The trial court then found that the factor in aggravation outweighed the factor in mitigation and imposed the ten year sentence from which defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Arthur M. McGlauflin for defendant-appellant.*

EAGLES, Judge.

I

[1]   Defendant first assigns as error the trial court's denial of his motion for continuance in order to give him time to employ private counsel. We find no error.

An examination of the record here indicates that on the day of trial just prior to jury selection, defendant's court-appointed counsel on behalf of defendant made an oral motion to continue. The reason given for the motion was to allow defendant time to employ private counsel. The motion was denied.

Defendant argues on appeal that his motion to continue in order that he might employ private counsel was arbitrarily denied without an opportunity to be heard.

After the jury was selected but before it was impaneled, the following transaction was entered into the record:

> Court: Now, let the record show that defendant . . . has advised the court through his counsel . . . that he desires to employ his own lawyer and, therefore, moves that the case be continued. Let the record show that [defendant's counsel] brought that [motion] to my attention before the jury selection began and I told him that *at that time* we were prepared to proceed to trial and that I was going to deny that motion. [Emphasis added.]

The trial court then asked defendant if he had anything to say. At that time defendant declined and orally indicated his satisfaction with court-appointed counsel and willingness to proceed. We also note that defendant later stated in his transcript of guilty plea that he was satisfied with his attorney and the legal services provided.

Upon a motion to continue in order to retain counsel of his own choice, defendant must be afforded a fair opportunity to be heard concerning his reasons for his apparent dilatoriness in retaining counsel of his choice, see, *U.S. v. Oliver*, 571 F. 2d 664 (D.C. Cir. 1978), or his reasons for dissatisfaction with his court-appointed counsel. *See, McGill v. U.S.*, 348 F. 2d 791 (D.C. Cir. 1965). Here, the record shows that after an initial summary denial of defendant's motion before jury selection, defendant was offered an opportunity to be heard on the motion. Defendant declined and orally indicated his satisfaction with his court-appointed counsel and his willingness to proceed. Further, defendant has shown no prejudice arising from the trial court's denial of his motion to continue.

The right of a criminal defendant to the assistance of counsel is guaranteed by the Sixth Amendment of the United States Constitution and by Article I, Section 23 of the North Carolina Constitution. *State v. Wise*, 64 N.C. App. 108, 306 S.E. 2d 569 (1983). The record before us indicates that this defendant's right to the effective assistance of counsel was satisfied.

II

Defendant's remaining assignments of error concern his sentencing under North Carolina's Fair Sentencing Act, G.S. 15A-1340.1 et seq. An examination of some of the State's evidence is necessary for an understanding of these assignments of error.

The State, through several witnesses, presented evidence tending to show that Danny Hines managed a sporting goods store in a shopping mall in which defendant, a slender man, tried on a ladies' warm-up suit. Defendant 'left the store with Hines following him, because Hines believed defendant had stolen the ladies' warm-up suit he had tried on.

State v. Jones

When confronted by Hines, defendant ran. Hines chased defendant on foot out of the mall and across an adjacent field before Hines lost sight of defendant. Hines and others searched the area outside the shopping mall for the stolen clothing but failed to locate it.

Defendant was subsequently detained nearby on the shoulder of Highway 11 by a mall security officer. Hines joined the officer and defendant. Hines then told the officer that he (Hines) would "take care of it" and that the officer could leave, which he did.

Hines and defendant walked back towards the mall. Defendant left Hines, crossed Highway 11 and engaged in conversation with occupants of a vehicle parked in a lot adjacent to the highway. Defendant and one of the vehicle's occupants recrossed the highway and approached Hines. A confrontation then occurred between Hines and defendant. Defendant yelled obscenities at Hines, after which Hines struck defendant with his fist. Hines was 6 feet, 7 inches tall and weighed 270 pounds. Defendant was small-framed and "fit well into a ladies' warm-up suit."

Defendant called to a companion who tossed a pistol to him. Defendant pointed the pistol at Hines, threatened to kill Hines, and fired the pistol. Hines fell to the ground but was not wounded. Defendant crossed the highway away from the scene.

Robert Hartman, an employee of a pet store in the mall, had followed Hines to the area in his van. Immediately after the shooting incident, he pulled his van onto Highway 11 and drove generally towards defendant in the median at a speed of between 10 and 25 miles per hour. The van was approximately 15 feet from defendant when defendant fired the pistol at the van. A bullet penetrated the cab of the van.

At the conclusion of the State's evidence, defendant entered a plea of guilty to the Class H felony of shooting into an occupied vehicle and the misdemeanor of assault with a deadly weapon.

[2]  Defendant assigns as error the trial court's refusal to find as a factor in mitigation that defendant acted under strong provocation, G.S. 15A-1340.4(a)(2)(i) and the trial court's refusal to weigh the mitigating factor found, i.e., that defendant reasonably believed that his conduct was legal, G.S. 15A-1340.4(a)(2)(k), against the factor in aggravation found. While there is no error in the

court's refusal to find the "strong provocation" mitigating factor, we agree with defendant that there was error in the trial court's failure to properly weigh the mitigating factor found.

The trial court listed as a factor in mitigation that defendant reasonably believed that his conduct was legal, G.S. 15A-1340.4 (a)(2)(k). However, the trial court's comments on the record at the sentencing hearing make it clear that the court did not properly weigh this mitigating factor against the aggravating factor found:

> THE COURT: . . . And, although I don't believe it, but knowing how some of our Appellate Courts operate, they might, I am going to find there is a factor in mitigation that the defendant reasonably believed his conduct was legal. . . . In my opinion, again the mitigating factor was not.

> There is not a single mitigating factor before me. I found the only one that could have possibly existed, and I did that out of deference to the Appellate Courts.

These comments by the trial court tend to show that the trial court did not consider this mitigating factor as proven by a preponderance of the evidence and did not properly weigh it against the sole factor in aggravation found. Accordingly, the sentence imposed upon defendant's plea to the felony of shooting into an occupied vehicle is vacated and this case is remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). Our disposition of this case makes it unnecessary to consider defendant's remaining assignments of error.

Vacated and remanded.

Judge PARKER concurs.

Judge ARNOLD concurs in part and dissents in part.

Judge ARNOLD concurring in part and dissenting in part.

I concur in that portion of the opinion which finds no error in defendant's conviction. I dissent, however, from that portion which awards defendant a new sentencing hearing. I believe that the learned trial judge's comments show that while he considered the mitigating factor, he did not accord it a great deal of weight.

---

As our Supreme Court stated in *State v. Ahearn*, 307 N.C. 584, 596-597, 300 S.E. 2d 689, 697 (1983), "[w]hile he is required to justify a sentence which deviates from a presumptive term to the extent that he must make findings of aggravation and mitigation properly supported by the evidence and in accordance with the Act, a trial judge need *not* justify the weight he attaches to any factor." I believe the comment cited by the majority is merely a verbalization of the trial court's reasons for finding that the factors in aggravation outweighed the factors in mitigation. Thus, I would find no error as to the defendant's sentence.