STATE OF NORTH CAROLINA v. WILLIE DOUGLAS ELLIOTT

No. 8512SC237

(Filed 5 November 1985)

**1. Criminal Law § 163— failure to summarize credibility evidence—absence of objection at trial**

Defendant's failure to object to the charge or to request additional instructions precluded defendant from assigning as error the court's failure to summarize testimony that the prosecutrix had asked a defense witness to testify falsely against defendant. The court's failure to summarize such testimony was not plain error since it bore only on the subordinate issue of the credibility of the prosecutrix. App. Rule 10(b)(2).

**2. Criminal Law § 138— mitigating factor—dismissal of rape and sexual offense charges—victim's consent to incest not shown**

The dismissal of rape and sexual offense charges against defendant did not show that defendant's act of incest with his sixteen-year-old stepdaughter was with her consent so as to require the trial court to find as a statutory mitigating factor for incest that defendant's victim was more than sixteen years old and consented to defendant's conduct. G.S. 15A-1340.4(a)(2)g.

**3. Criminal Law § 138— good work record—failure to find as a mitigating factor**

The trial court did not abuse its discretion in failing to find as a nonstatutory mitigating factor that defendant had a good work record.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 4 October 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 September 1985.

In a three-count indictment defendant was charged with incest, second degree rape and second degree sexual offense. At the close of the State's evidence the court dismissed the second degree rape charge and reduced the second degree sexual offense charge to the lesser included offense of crime against nature. The jury found the defendant guilty of both offenses, but the court arrested judgment as to the latter conviction because the evidence did not support it. The State's evidence tended to show that defendant had sexual intercourse with his sixteen year old stepdaughter, Warrenette, on 12 June 1983. Defendant did not testify but his fifteen year old daughter, Tekio, upon his behalf testified that: Warrenette, who regarded defendant as being overstrict and oppressive because he disapproved of her keeping company with soldiers and other boys and wanted to get him out of the house and be free of his discipline, had urged her to testify falsely that defendant had had sexual relations with both of them, and that she was in the house where defendant and Warrenette were on the day involved and nothing out of the way occurred.

*Attorney General Thornburg, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Appellate Defender Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

PHILLIPS, Judge.

[1] By his first assignment of error defendant contends that the trial court erred in instructing the jury by failing to include a

summary of the testimony of Tekio Elliott to the effect that the prosecuting witness had asked her to testify falsely against defendant in order to escape his control and discipline. Defendant is precluded from asserting this assignment of error since the record discloses that, though he had the opportunity to do so, defendant neither objected to the charge nor requested any additional instructions. Rule 10(b)(2), N.C. Rules of Appellate Procedure. The contention that the court's failure to summarize this particular testimony was plain error under the rule laid down in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) is without merit. This testimony bore on a subordinate issue in the case, the prosecuting witness's credibility, which the court was not required to charge on in detail in the absence of a request, which defendant failed to make. *State v. McCaskill*, 270 N.C. 788, 154 S.E. 2d 907 (1967). Defendant's other assignments of error, likewise without merit, relate to his sentencing.

[2]  In sentencing defendant the court found in aggravation that he had a record of prior convictions punishable by more than sixty days imprisonment, found no factors in mitigation, and sentenced defendant to a prison term in excess of the presumptive sentence for incest. Defendant first contends that the court was required to find in mitigation that his victim was more than sixteen years of age and consented to defendant's conduct, a factor established by statute. In support of this contention defendant points out that the evidence shows without contradiction that the stepdaughter was more than sixteen years old when the offense occurred and that the dismissal of the rape and sexual offense charges establishes that the incestuous act was done with her consent. We disagree. The dismissals mean that the evidence failed to show that defendant's act was committed "[b]y force and against the will of the other person," as G.S. 14-27.3 and G.S. 14-27.5 require; they do not mean, as defendant appears to argue, that the acts were done with her consent, a different question entirely. Though under G.S. 15A-1340.4(a)(2)g, a defendant is entitled to a factor in mitigation when the victim was more than sixteen years of age and defendant's conduct was "consented to," the burden of establishing both the conditions stated is on the defendant. *State v. Taylor*, 309 N.C. 570, 308 S.E. 2d 302 (1983). The first condition, the age of defendant's victim, was indisputably established by the evidence; but the second condition, that she

consented to sexual intercourse with defendant was not. While the evidence shows that she did not physically resist the defendant's advances, it also shows, by her testimony, that she was living under his control, was very afraid of him, and felt that the only thing she "could do was just give in." This conflicting evidence was for the trial judge to appraise and we cannot say that both statutory conditions were proven.

[3] Defendant finally contends that the court erred in failing to find as a non-statutory factor in mitigation that he had a good work record. G.S. 15A-1340.4(a) permits the sentencing judge to consider any aggravating and mitigating factors, whether set forth in the statute or not, that he "finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing." Defendant argues that the evidence of his good work record is uncontradicted and manifestly credible and that it is reasonably related to the rehabilitative purposes of sentencing set forth in G.S. 15A-1340.3. Though this argument is sound it does not follow that the judge was required to find a mitigating factor based thereon. As our Supreme Court recently noted in *State v. Spears*, 314 N.C. 319, 333 S.E. 2d 242 (1985), the statute does not require the judge to find non-statutory factors that the evidence establishes, it merely permits him to do so. Thus, when the judge declined to find the factor referred to he was but exercising his discretion, for which there is no appellate relief in the absence of abuse, and none has been shown.

No error.

Judges WEBB and JOHNSON concur.