STATE OF NORTH CAROLINA v. FRED SHORES, JR.

No. 9017SC1023

(Filed 2 April 1991)

**Constitutional Law § 266 (NCI4th) — counsel likely to testify — disqualification — denial of right to counsel of choice**
    The trial court erred in disqualifying defendant's attorney from representing him during pretrial proceedings on the ground that it appeared likely that the State would call the lawyer as a witness in the case, since the disqualification denied defendant his constitutional right to counsel of his choice. Sixth Amendment to U. S. Constitution.

**Am Jur 2d, Criminal Law §§ 967, 969; Witnesses § 98.5.**

APPEAL by defendant from order entered 1 May 1990 by *Judge Lester P. Martin, Jr.* in SURRY County Superior Court. Heard in the Court of Appeals 12 March 1991.

From an order disqualifying counsel from representing him during pretrial proceedings, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mary Jill Ledford, for the State.*

*Zimmer and Zimmer, by Jeffrey L. Zimmer, Melinda Haynie Crouch and Maura A. McCaughey, for defendant-appellant.*

JOHNSON, Judge.

By an indictment returned on 16 October 1989, Fred Shores, Jr., the defendant, was charged with murder, larceny of an automobile and burning of personal property. By order dated 18 January 1990, Ray E. Chandler, an attorney licensed to practice law in the State of South Carolina, was allowed to make a special appearance for the purpose of assisting the defendant's North Carolina attorney in the preparation and presentation of his defense. A hearing was held on 14 March 1990 wherein the District Attorney brought to the court's attention that it appeared likely that the State would call Chandler as a witness in the case. Moreover, the court was informed that the State's witness Amanda Durham was expected to testify that after the disappearance of the victim, Michael Teague, the defendant had a conversation with an attorney, whom she believed was Chandler, after which the defendant told her that his lawyer wanted to know if the authorities had a body, and if they did not have any evidence, they could not prove anything and that the defendant then burned the victim's body.

On 1 May 1990, a hearing was held to determine if Chandler should be allowed to continue representation in the trial and the proceedings leading up to the trial based upon the potential conflict. The court thereafter ruled that Chandler could not represent the defendant in the trial or in the proceedings preceding the trial. A petition of Writ of Certiorari for review of the 1 May 1990 order was filed by the defendant in apt time.

On appeal, defendant contends that the trial court erred in disqualifying his attorney from representing him during pretrial proceedings. Specifically, defendant contends that the disqualification denied him of his constitutional right to counsel of his choice. We agree.

An accused's right to counsel in a criminal prosecution is guaranteed by the Sixth Amendment of the United States Constitution and is applicable to the states through the Fourteenth Amendment, Sections 19 and 23 of the North Carolina Constitution. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *State v. Wise*, 64 N.C. App. 108, 306 S.E.2d 569 (1983). This right includes the right to select an attorney of the accused's choice. *State v. Yelton*, 87 N.C. App. 554, 361 S.E.2d 753 (1987). "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to insure that

STATE v. SHORES

[102 N.C. App. 473 (1991)]

a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140, *reh'g denied*, 487 U.S. 1243, 108 S.Ct. 2918, 101 L.Ed.2d 949 (1988). We note that "courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* at 160, 108 S.Ct. 1692, 100 L.Ed.2d 140. Therefore, where it is shown that an actual conflict or the potential for conflict exists, the presumption in favor of an accused's counsel of choice will be overcome. *Id.* As there is a necessity of avoiding the appearance of impropriety, it is incumbent upon a court faced with either an actual or potential conflict of interest, regarding attorney representation, to conduct an appropriate inquiry and, if need be, grant the motion for disqualification. The trial court must be given substantial latitude in granting or denying a motion for attorney disqualification. *Id.*

In his brief, defendant relies upon *United States v. Cunningham*, 672 F.2d 1064 (2d Cir. 1982), *cert. denied*, 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984), to support his argument that if disqualification of his attorney is warranted, the disqualification should apply only to the actual trial. A careful examination of the factual circumstances and holding in *Cunningham* convinces us that this case is analogous to the case *sub judice*.

In *Cunningham*, defendants Cunningham and Sweeney, who were attorneys, appealed from an order of the federal district court disqualifying their respective attorneys in a criminal prosecution on the grounds of conflict of interest and that it was likely that defendant Sweeney's attorney, Michael Kennedy, would be called as a witness during the trial to either rebut, corroborate, or explain the testimony of Sweeney's receptionist who allegedly had a conversation with Kennedy that would readily support the charges against Cunningham and Sweeney. As to Sweeney's appeal, the Second Circuit Court of Appeals held that his interest as a criminal defendant in being represented by counsel of his own choice outweighed the government's interest in disqualifying his attorney. Thus, Kennedy was permitted to participate in all aspects of defendant Sweeney's defense except the actual trial.

Similarly, in balancing our defendant's interests in retaining counsel of his choice against that of the State's in disqualifying Chandler during pretrial proceedings, we believe defendant's "Sixth

N.C. DEPT. OF TRANSPORTATION v. DAVENPORT

[102 N.C. App. 476 (1991)]

Amendment right . . . is too important to be denied on the basis of a mere, though substantial, possibility" that Chandler might be called as a witness. *Id.* at 1075. In making this decision, we have considered the fact that if Chandler were disqualified this early in the proceedings and a pretrial hearing determines that either Amanda Durham cannot testify on behalf of the State or that the attorney-client privilege prohibits Chandler from testifying, defendant will have lost his constitutional right for no good reason. Accordingly, the order appealed from must be

Reversed.

Judges PARKER and ORR concur.